(56 Misc. Rep. 196.)

## SMITH et al. v. FLOYD et al.

(Supreme Court, Special Term, New York County.   October, 1907.)

TRUSTS—TESTAMENTARY TRUSTEE—PERSONAL CONFIDENCE—POWERS OF SUCCESSOR.

Testatrix devised the residue of her estate to executors in trust, to collect the income and pay the same to the support of the daughter and husband of testatrix for and during the life of the survivor of them. The daughter was given the right to dispose of the trust fund by will, subject to the trust for testatrix's husband. Failing such disposition, the estate, on the death of both beneficiaries, was given to the daughter's child or children surviving her, and, failing the same, was to be divided among the children of the two brothers of testatrix. The executors were given authority to apply such portion of the capital as they might deem advisable, to the use of the daughter and husband. The husband died before his wife. The executors qualified; and on the death of one of them the survivor resigned his trust, and plaintiff was appointed as successor, with all the powers of the original trustee. The income proving insufficient for the daughter's education and maintenance, she applied for an allowance out of the principal. *Held*, in an action for instructions as to the trustee's authority, that it could not apply any part of the corpus to the daughter's use; the power given being a personal trust and confidence, to be exercised only by the original trustees.

Action by Alice L. F. Smith and the Van Norden Trust Company against Richard F. Floyd and others to construe will. Decree rendered.

John Nicolson, Jr., for plaintiffs.
David Asch, for defendants Eunice Floyd and David Asch, administrator, etc., of Richard S. Floyd, deceased.

BISCHOFF, J.  Action by the substituted trustee of an express trust and the cestuis que trustent for the construction of the will by which the trust was created and for instructions respecting the substituted trustee's authority as such. By her last will and testament and a codicil thereto, dated, respectively, December 12, 1895, and November 6, 1896, and admitted to probate by the Surrogate's Court of Suffolk county December 21, 1898, Sarah W. F. Smith devised and bequeathed all her residuary estate, consisting of real and personal property, to her executors or such of them as should qualify, in trust, to collect and receive the income thereof and to "pay and apply the same to the use, maintenance and support" of her daughter Alice and her husband, Nathaniel, "for and during the life of the

survivor of them." Alice was given the power to dispose of the corpus of the trust estate by will, subject to the trust for the testatrix's husband. Failing of such testamentary disposition by the daughter, the estate, upon the death of both cestui que trustents, was given to the daughter's child or children surviving her, and, failing of any such child or children, then, upon the death of the cestui que trustent, the estate was directed to be divided among the children of the testatrix's brothers, · John Floyd and Richard Floyd. The will further provided as follows:

"Fourth. I hereby authorize and empower my said executors or such of them as shall qualify, in their discretion and with the approval of my daughter Alice, expressed in writing, either to sell or to mortgage, or both, the whole or any part of my said estate as they may deem necessary from time to time, and to invest the proceeds arising therefrom, and to pay and apply the income thereof towards the use, maintenance and support of my said daughter Alice and my said husband, Nathaniel, as aforesaid, with full power to my said executors to apply such portion of the capital of the trust funds as they may deem advisable to the use of my said daughter and husband."

The executors named were Thomas S. Mount and Morgan Blydenburgh and both qualified as such. Mount died in August, 1900. Subsequently Blydenburgh instituted proceedings in the Surrogate's Court of Suffolk county for the judicial settlement of his account as sole surviving executor and trustee, and by decree dated May 27, 1901, he was directed to transfer and deliver to himself as such trustee the net residue of the testatrix's estate. In October, 1902, Blydenburgh applied to the same Surrogate's Court for leave to resign his trust, and the proceedings terminated in a decree allowing such resignation and appointing the plaintiff the Van Norden Trust Company in place of and as successor to Blydenburgh as trustee under the will, "with all the powers of an original trustee as fully as if it [the Van Norden Trust Company] had been mentioned in said will in place and stead of Morgan Blydenburgh." The Van Norden Trust Company accepted the trust and qualified as such trustee. Pursuant to the terms of the decree, Blydenburgh transferred the estate to his successor, and he was thereupon finally relieved and discharged as such trustee. Nathaniel Smith had predeceased the testatrix. The trust estate comprises about $21,000 of personalty and a tract of land at St. James, Long Island, valued at present at $30,000, but regarded as having a near prospective value far in excess of that amount. Little or no income has thus far been had from the land, and there is no immediate prospect of any. The average monthly income to the surviving cestui que trust, the testatrix's daughter, from the personalty, has been about $77. Conditions have now arisen which render the income insufficient for the cestui que trust's education and her maintenance in a manner becoming her station. She has applied to the present trustee for an allowance out of the principal of the trust estate in accordance with the provisions of the will, but the trustee, while regarding the request as in every way reasonable under the circumstances, has refused solely because it doubts the devolution upon it of the authority given by the will to the executors. The trustee and the cestui que trust are agreed that a sale of the land

at the present time for the purposes of increasing the income by the investment of the proceeds of sale would be detrimental to the cestui que trust and opposed to the interests of the remaindermen; and an allowance out of the principal of the trust estate for the temporary needs of the cestui que trust is urged as the only means of obviating the sale of the land. This action is brought to have the court's instructions respecting the present trustee's authority to make the allowances. The meritorious attitude of the cestui que trust toward those who may succeed her in the enjoyment of the trust estate only adds to my embarrassment in deciding adversely to her very reasonable request, and I reluctantly reach the conclusion that the present trustee is without authority to apply any part of the corpus of the trust estate to her use. The power to resort to the corpus of the trust estate for the cestui que trust's benefit was given by the terms of the will to the executors therein named or such of them as should qualify, and, since both qualified, the power must be deemed to have been conferred upon the executors jointly; that is to say, it required the joint assent of the executors named to apply any portion of the corpus of the estate to the cestui que trust's use. The repose of this power was expressive of the testatrix's confidence in the personal judgment and discretion of the persons named as executors. She referred to them as her "friends," and it was to them that she confided the welfare of her daughter and husband, so far as additions to their income out of the principal would promote it, and it was upon them that she depended to preserve her residuary estate intact, excepting so far as the reasonable needs of the beneficiaries demanded an encroachment. The scheme of the will forbids any extension by implication to others of the power given to the executors named to apply the corpus of the trust estate to the use of the cestui que trust. It was the testatrix's intention, expressed in plain and unequivocal language, that the corpus of the estate should be preserved for the remaindermen, whether these be her daughter's appointees or her children, or those named to succeed to the estate if the daughter should die childless and without having exercised her power of testamentary disposition of it. Foreseeing conditions which might require material assistance toward the welfare of the cestui que trust beyond the income given them, she provided for resort to the principal of the estate, but only with the approbation of her "friends," the executors named, chosen by her personally because of their peculiar fitness arising from an acquaintance more or less intimate with her intentions and the reasonable requirements of the social station and condition of her family, and therefore better qualified than others to determine the propriety of any call for more than the income to the use of the cestui que trust, and of the amount required for their relief. That such a power does not, excepting where the donor has otherwise provided, devolve upon the survivor of the donees or upon their successors in office, is well settled in principle and by authority. 1 Sugden Powers (3d Am. Ed.) c. 5, § 1, subd. 3; Perry, Trusts, §§ 273, 496; 22 Am. & Eng. Encyc. of Law (2d Ed.) 1103. "Whenever a power is of a kind that indicates a personal confidence, it must prima facie be un-

derstood to be confined to the individual to whom it is given, and it will not, except by express words, pass to others, to whom by legal transmission the same character may happen to belong." Gambell v. Tipple, 75 Md. 252, 23 Atl. 461, 15 L. R. A. 235, 32 Am. St. Rep. 388, 390. "Where a power is to be exercised entirely at the discretion of the donee, courts of equity have no jurisdiction to force him to act, and, if he has died without exercising the power, they cannot confer it on a trustee appointed by the court." Young v. Young, 97 N. C. 132, 2 S. E. 78. "I conceive," says Sir William Grant, Master of the Rolls, "that wherever a power is of a kind that indicates a personal confidence it must prima facie be understood to be confined to the individual to whom it is given, and will not, except by express words, pass to others, to whom by legal transmission the same character may happen to belong." Cole v. Wade, 16 Vesey, Jr. 27, 44. "The power given to" the executors "was a personal trust and confidence to be exercised by them jointly according to their best judgment under the circumstances contemplated by the will. One executor in this case cannot commit his judgment and discretion to the other, any more than to a stranger for delegatus non potest delegare." Berger v. Duff, 4 Johns. Ch. 369. "It is settled beyond controversy that when the donee of a power has any discretion to exercise for the benefit of others, in the execution of the power, he must exercise such discretion, and the execution of the power cannot be delegated." Crooke v. County of Kings, 97 N. Y. 421, 453. "The rule of law no doubt is that a power of this kind is a personal trust and confidence, which cannot be committed to another than the grantee or donee of the power." Newton v. Bronson, 13 N. Y. 587, 593, 67 Am. Dec. 89. "The inflexible rule is that a confidence reposed cannot be delegated." Mayor v. Stuyvesant, 17 N. Y. 34, 42.

I note the request of the plaintiff's counsel for opportunity to submit a memorandum upon the question as to whether the trustee's expenditures for repairs and improvements to the St. James premises are chargeable against the principal or income of the trust estate, and await counsel's indication of the time when the memorandum will be submitted.