SMITH et al. v. FLOYD et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

TRUSTS—SALE OF PROPERTY—AUTHORITY OF SUBSTITUTED TRUSTEE.

Where testatrix's will created a trust for the payment of income to her daughter, and gave the trustees power to apply to the use of the daughter such portion of the capital as they might deem advisable, and no condition was suggested by the will as a criterion by which their discretion was to be controlled, substituted trustees had no authority to apply any of the capital to the daughter's use.

Houghton and Ingraham, JJ., dissenting.

Appeal from Special Term.

Action by the Van Norden Trust Company against Richard L. Floyd and others. From a portion of a judgment (56 Misc. Rep. 196, 107 N. Y. Supp. 231), construing the will of Sarah Smith, deceased, the Van Norden Trust Company appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

John Nicolson, for appellants.
David Asch, for respondents.

SCOTT, J. The only question involved in this appeal is whether or not the plaintiff Van Norden Trust Company, as substituted trustee under the will of Sarah W. F. Smith, can exercise the discretionary power vested by the will in the trustees named therein to apply a portion of the capital of the trust fund to the use of the plaintiff Alice L. S. Smith. It appeared to the court below, and appears to us, that the circumstances of the case are such that it would be a wise exercise of discretion to so apply a portion of the principal of the estate, if any discretion so to do has passed to the present substituted trustee. The will named as executors Thomas S. Mount and Morgan Blydenburgh, and to them was left in trust substantially all of the estate of the testatrix, with instructions to apply the income, rents, issues, and profits to the use, maintenance, and support of the testatrix's husband, Nathaniel Smith, and her daughter, Alice (the plaintiff), for and during the life of the survivors of them. Power was given to the daughter to dispose of the estate by a last will and testament. The fourth clause of the will provided as follows:

"I hereby authorize and empower my said executors, or such of them as shall qualify, in their discretion, and with the approval of my said daughter

Alice expressed in writing, either to sell or to mortgage, or both, the whole, or any part of my said estate as they may deem necessary from time to time, and to invest the proceeds arising therefrom, and to pay and apply the income thereof towards the use, maintenance and support of my said daughter Alice, and my said husband Nathaniel as aforesaid, with full power to my said executors to apply such portion of the capital of the trust funds as they may deem advisable to the use of my said daughter and husband."

The learned justice who wrote at Special Term has carefully collated a number of authorities to support the well-established rule that, when a power given to trustees is of a nature indicating that the donor of the power intended to repose a personal confidence in the donee of the power, it will be held that the power does not, except by express words, pass to others who may succeed to the general administration of the trust to which the power is attached. It would be unnecessary to add to his opinion, except that it is suggested that this particular case falls within a class of cases which seem to form an exception to the general rule. The question to be determined in each case is as to the test which the donor of the power intended should be determinative as to its exercise. If she made that test solely the personal discretion of the trustees, it is clear that the power cannot be delegated or passed to another, for that would be to substitute the discretion of another for that discretion which the donor relied upon. If, however, the test upon which the exercise of the power is made to depend is some fact which can be as well ascertained by the court, or by a substituted trustee, as by the trustee originally named, it may well be held that the power may be devolved for thus can the intention and desire of the donor be fulfilled. This distinction is well illustrated in Hull v. Hull, 24 N. Y. 647. In that case a testator had given his estate to his executors with instructions to pay to his son the sum of $500 per annum, which might be, in the discretion of the executors, increased to any sum not exceeding $1,000 per annum. When the son should reach the age of 30 years, the executors were to pay over to him the entire estate in their hands, "provided, however, and upon the express condition that the son was then, in the opinion of the executors, solvent and able to pay all his debts of every kind." The executors having renounced both as executors and trustees, another was appointed in their place, and the question arose as to the power of the substituted trustee to exercise the power given by the will to the executors. It was held that the discretionary power to increase the income from $500 to $1,000 was personal to the executors, and died with their renunciation, but the authority to pay over the estate had been made dependent, not on the discretion of the executors, but upon the existence of the fact of solvency. The court said:

"It may be conceded that when a matter or thing is to be determined or decided entirely by the personal discretion of one or more parties, and they die or refuse to exercise this discretion, there is no way any determination or decision can be made. That provision of the will which confides to the discretion of the executors an increase of the annual allowance to the son is of this description. But, where a direction in a will is that the executors or trustees are to do, or determine upon, any particular thing, and a rule is given, based upon facts readily ascertainable in the usual manner of the legal determination of facts, then it is not a case of pure personal discretion, and

the courts will uphold the will and order the facts, if disputed, to be determined in the usual way."

In Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, the authority given to the trustees to appropriate part of the principal to the support of the testator's wife and mother, and to the maintenance and education of the children was conditioned upon the income proving to be insufficient for these purposes, and the court had from time to time passed upon the question of insufficiency, and directed that portions of the principal be so applied. The fact of insufficiency was made the test, and not the judgment or discretion of the trustees. In the present case the testatrix has established no test except the personal discretion of the two executors named in her will. So much of the capital may be applied "as they may deem advisable" to the use of the husband or daughter. No condition is suggested as the criterion by which their discretion was to be controlled. It was when they deemed it advisable, not when some one else, even the Supreme Court, should so deem it. There are undoubtedly cases in which a substituted trustee has been permitted to exercise power of sale and other powers incident to the execution of the trust, which have involved the element of personal discretion. Haendle v. Stewart, 84 App. Div. 274, 82 N. Y. Supp. 823; Lahey v. Kortright, 132 N. Y. 450, 30 N. E. 989; Matter of Wilkin, 183 N. Y. 104, 75 N. E. 1105. In all of these cases, however, it was necessary that the power should be exercised in order that the trust might be executed, and the devolution of the power has been upheld in furtherance of the trust. In the present case the execution of the power will pro tanto destroy the trust, for so much of the principal as is paid over to the beneficiaries will of necessity be withdrawn from the trust.

The judgment should be affirmed, with costs to all parties separately appearing and filing briefs payable out of the estate.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. (dissenting). The question arises under the fourth clause of the will of Sarah W. F. Smith, deceased. The will is dated the 12th day of December, 1895, with a codicil dated the 6th of November, 1896. By the will substantially all of the testatrix's property was left to her executors in trust, the income therefrom to be applied "to the use, maintenance and support of my said daughter Alice and my said husband Nathaniel Smith, for and during the life of the survivor of them," with a remainder over to such persons as her daughter Alice should designate by a last will and testament, and a further remainder, in case Alice should neglect to dispose of the said property by will, to Alice's children, if she had any, or, if not, to the testatrix's two brothers. By the fourth clause of the will the executors, with the approval of Alice, were authorized to sell or mortgage the testatrix's real estate, "with full power to my said executors to apply such portion of the capital of the trust funds as they may deem advisable to the use of my said daughter and husband." After the date of this will, and before the execution of the codicil on the 6th day of November, 1896, the testatrix's husband died, leaving her daughter Alice

her sole next of kin and heir at law. Alice is unmarried, and has no children. The will was admitted to probate, and both executors qualified. Subsequently one of the executors died, whereupon the surviving executor accounted before the surrogate, and a decree was on May 27, 1901, entered directing him to transfer to himself as sole surviving trustee all of the property of the testatrix. On the 13th day of October, 1902, the sole surviving trustee resigned, and the plaintiff Van Norden Trust Company of the City of New York was appointed by the surrogate as his successor, and as trustee under the last will and testament of Sarah W. F. Smith, deceased, "with all the powers of an original trustee as fully as if it had been mentioned in said will in place of said Morgan Blydenburgh." The estate of the testatrix consisted of about $20,000 personal property and 10 acres of land at Stony Brook, Suffolk county, N. Y. This real property has a present value of about $30,000, but produced no income. The income from the personal property was about $76 per month. Alice has no other income, except what she received from this trust estate, and the amount of income that she is entitled to is utterly insufficient to support her properly, and bills have accumulated for necessary expenses up to an amount exceeding $700. She applied to the trustee to make her an advance out of the principal of the trust estate, which the trustee refused, not in the exercise of its discretion, but because it was uncertain whether it had power to make such an advance out of the principal.

The Special Term in a careful opinion, while recognizing the justice of the plaintiff's claim, said:

"The meritorious attitude of the cestui que trustent towards those who may succeed her in the enjoyment of the trust estate only adds to my embarrassment in deciding adversely to her very reasonable request, and I reluctantly reach the conclusion that the present trustee is without authority to apply any part of the corpus of the trust estate to her use."

It would thus appear that both the trustee and the court below considered that the application of the cestui que trustent was quite reasonable, and, had the original trustees remained in charge of the estate, there would have been no objection to making the advance; but that a substituted trustee had no power under the will to exercise the discretion which was vested in the original trustee, and this is based upon the principle that:

"Whenever a power is of a kind that indicates a personal confidence it must prima facie be understood to be confined to the individual to whom it is given, and it will not, except by express words, pass to others, to whom by legal transmission the same character may happen to belong."

With this principle we are not at all inclined to disagree; but, in considering whether it is applicable to this case, it must depend upon whether it was the intention of the testatrix that the exercise of this power should be limited to the trustees that she named; for, after all, this question, like all others that relate to the construction of a will, is to be determined by the intention of the testator. The testatrix had a small estate which at her death did not exceed $30,000. When she made the will, she had a husband and only child, and the will discloses an intention to devote her estate to the support and maintenance

of her husband and child. She recognized that the income from such an estate might be insufficient for their support; and hence she authorized her executors to apply "such portion of the capital of the trust funds as they may deem advisable to the use of my said daughter and husband." The husband died before the testatrix, leaving the daughter the sole object of the testatrix's concern. She then made a codicil to the will which modified to some extent the provisions as to the remainder in case the daughter should not exercise the power of appointment, and should die without children, but leaving this provision as to the power of the trustees to advance portions of the principal of the trust property to the support or maintenance of her daughter. The daughter has the absolute disposition of all the income of this trust property during her life and the disposition of the property after her death; and it is only in the event of a failure of the daughter to dispose of the principal of the trust fund, and in the event of her dying without children, that the testatrix intended that any of these defendants should have any portion of her estate. It was the interest, therefore, of her daughter that she had in view in making this disposition of her property; and it seems to me that the controlling intention of the testatrix was to protect and care for her daughter, and to provide her with comfortable maintenance during her life. To provide for this, she gave to her daughter the income of her property, and she further provided for the use by the daughter, if it should become necessary, of a portion of the principal. It was not a case where a discretion was vested in the trustees in relation to the management of her estate which she desired to intrust to the personal skill of the trustees, and which it was not reasonable to suppose she would intend to submit to the discretion of a substituted trustee with whose selection she could have no influence, but a provision for the benefit of a beneficiary in whom the testatrix was interested, and for whose benefit she appropriated her whole estate.

While it is plain that a trustee would have to exercise this power personally and could not delegate it, that principle does not at all affect the question here to be determined; that is, whether the testatrix intended to limit the exercise of this power to the original trustees named in the will, or to the trustees of the estate for the time being. There is coupled with this power a power of sale of the real property of the testatrix. By the same clause of the will she authorizes and empowers her "said executors or such of them as shall qualify, in their discretion and with the approval of my said daughter Alice expressed in writing; either to sell or to mortgage, or both, the whole or any part or parts of my said estate as they may deem necessary from time to time," language which would seem to indicate a dependence upon the personal discretion of the trustees much more than the language in relation to the advancement of a portion of the property for the support of her daughter. Yet there could be no doubt, I think, that a substituted trustee could exercise this power. The power given was to be exercised in both cases during the whole existence of the trust, which was not limited upon the lives of the trustees, and the necessities of the daughter would increase as she became older. In deter-

mining whether or not a testator intended that a discretion with which her trustees were vested was one that must be exercised by the trustee named, and was not intended to be exercised by a substituted trustee, attention I think should be given to the nature and extent of the power and the period during which it was contemplated that it would be necessary to exercise the power. It seems to me quite evident that the creator of the trust could not have intended to limit the exercise of the power to the continuance in office of the trustees originally appointed as such a construction would defeat the express intention of the creator of the trust.

This conclusion I think is sustained by the authorities in this state. In Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, all the rest, residue, and remainder of the testator's estate was given to trustees upon trust to pay to the testator's wife during her natural life, or until she should marry again, or until the youngest of her living children should attain the age of 21 years, so much of the income of his estate as should be necessary for the comfortable support of herself and the testator's mother, and the maintenance and education of his children. He then authorized his executors and executrix to apply to that purpose so much of the principal sum invested as might be necessary to make up the deficiency. It was held that under such a trust, where the trustees other than the beneficiaries may die or decline to act, the court has power to supply their places, or, if needs be, to take upon itself the execution of the trust, so far as it ought not to be executed by the trustee who is also beneficiary, and that the court may appoint a new trustee or might itself exercise the discretion. In Lahey v. Kortright, 132 N. Y. 450, 30 N. E. 989, it was said:

"But by reference to the provisions of the will, as well that creating the power of sale as other portions, to ascertain its applicability contemplated by the testator, it seems that this power in its practical and essential purpose was intended to be applicable to the subject of the trust, which was to continue during the lives, respectively, of the beneficiaries; and, being thus annexed to such trust in aid of its execution, it would be taken by the trustees," and that it could be exercised by a substituted trustee; that "it could be seen that the title to the property subject to the trust would very likely remain in the trustees for many years, and during that time they were charged with an active duty in respect to it. It is quite reasonable to assume on the question of construction that it was in the contemplation of the testator that occasion might within that time, in view of the interests of the present and ultimate beneficiaries, arise for the sale of the specific real estate or some of it and the investment of the proceeds in other property. This view of the power of sale for the purpose of investment in other property is consistent with the execution of the trust during the lives of those who were to take the income, and seems essential to effectuate the intent of the testator in creating such power."

In Matter of Wilkin, 183 N. Y. 104, 75 N. E. 1105, where the trustee named refused to qualify, it was held that under those circumstances to hold that the new trustee selected by the testator could not exercise the inherent discretion given by the will as a part of the trust, because the one named with her did not qualify, is to hold that the trust could not be executed at all. "It would defeat the intention of the testator, and abrogate the trust. The discretion belonged to the position of trustee, and the trust would be paralyzed were it otherwise.

The resignation of the old trustee and the renunciation of Mr. Dryer, which, as the testator is presumed to have known the law, he must have had in contemplation as possible, were not intended by him to strangle the trust if those events should happen. Whatever the law may be in relation to the execution of a power in trust, no statute or controlling decision prevents the execution of a trust pure and simple, such as the one under consideration, by the only acting trustee out of several nominated by the testator."

The case of Hull v. Hull, 24 N. Y. 647, is not, as I look at it, inconsistent with this view. The question before the court in that case was as to whether a substituted trustee could exercise the power granted to the trustees named in the will, and it was held that they could and a judgment so determining was affirmed. By way of illustration the court said:

"It is true that the words of the will are that the son is to take at the age of 30, if he be solvent and able to pay all his debts and liabilities of every kind, 'in the opinion of my said executors'; but the legal effect of this is not to leave the question of solvency to be determined or decided entirely by the personal discretion of the executors. It may be conceded that, when a matter or thing is to be determined or decided entirely by the personal discretion of one or more parties and they die or refuse to exercise this discretion, there is no way any determination or decision can be made. That provision of the present will which confides to the discretion of the executors an increase of the annual allowance to the son is of this description. But, where a discretion in a will is that the executors or trustees are to do or to determine upon any particular thing, and a rule is given, based upon facts readily ascertainable in the usual manner of legal determination of facts, then it is not a case of pure personal discretion, and the courts will uphold the will, and order the facts, if disputed, to be determined in the usual way."

What was said, therefore, in this case as to the cases in which a purely personal discretion cannot be exercised by the substituted trustee, was only stating a general principle, that, where it appears that it was the intention of the testator to vest such an exclusive discretion in particular persons named, there such persons must exercise the discretion; but where it appears, as I think it does in this case, that the primary object of the will itself was to make a provision for the testator's only daughter during her life, the power given to her trustees to accomplish that purpose was intended to continue during the life of the beneficiary, and that to hold that the power was to be only exercised so long as the trustees named continued to act as trustees would, as was said by the Court of Appeals in Matter of Wilkin, supra, defeat the intention of the testator and abrogate the trust.

I think, therefore, that it was the intention of this testatrix that this power should be exercised during the continuance of the trust, which was to last during the life of the testatrix's daughter Alice, and that this clearly defined intention could only be effectuated by the construction that the discretion vested in the executors was to be executed by the trustee of the trust during its continuance, and was not a personal discretion which could be exercised only by the persons named by the testatrix as trustees, but also by the substituted trustee; or the person who, from time to time, as the necessity for the exercise of the discretion arose, was exercising the duties of trustee.

It follows that the judgment appealed from must be reversed and

judgment entered in accordance with the views here expressed, with costs to the appellant to be paid out of the estate.

HOUGHTON, J., concurs.