ELIZABETH VAUGHAN JACOBS,
Complainant below, Appellant,

*vs.*

WILMINGTON TRUST COMPANY,
Defendant below, Respondent.

*Supreme Court, on appeal  June T.* 1911.

The intention of a testator, as ascertained from his will as a whole, controls, unless an imperative rule of law prevents.

Where the power conferred on a testamentary trustee indicates personal confidence, it cannot be extended, in the absence of a statute; but where discretionary power is annexed to the office of trustee, and is intended to form an integral part of it, the power survives to the trustee succeeding the original trustee.

Where the execution of a trust requires discretion, and the intention of testator is that the trust shall continue and survive the trustee named, the power may be exercised by a substituted trustee.

Testamentary trusts must be construed reasonably according to the intention of testator, and the Court will not allow a trust to fail by the refusal of the trustee named to execute it, where the trust is so conferred as that it is reasonably certain that the testator intended that it should be exercised.

The power conferred on a trustee of a will, declaring that he shall care for and educate the testator's daughter, and allow her such part of the income until she shall arrive at the age of thirty years, whether married or not, as in his judgment is necessary for her comfort, and if the trustee approves of her husband's moral character and business ability he may pay to her such part of the estate as his judgment shall approve, and directing the trustee, after closing the estate as administrator to hold the estate and pay the income from investments, is not personal to the trustee, and a substituted trustee may exercise the power.

APPEAL FROM THE COURT OF CHANCERY.    This was an appeal from the decree in the above stated cause, entered by the Chancellor in accordance with an opinion filed on July 5th, 1910, and reported *ante p.* 70.

The assignments of error are, as follows:

1.    That the Court erred in decreeing that the powers and duties named in said will to be exercised by Vaughan Smith Collins, the executor and trustee named in said will, survived to his successor after he had relinquished the administration of the trust, and that the same could be exercised by the appellee, the present trustee.

2.    That the Court erred in deciding the discretion "now to be exercised by the trustee (the appellee) was attached to the office of trustee and was not personal to Vaughan Smith Collins."

3.    That the Court erred in decreeing "that the beneficiary, Elizabeth Vaughan Jacobs (the appellant), is not now entitled to have transferred to her the principal of the trust estate, and that at this time all the powers and duties (named in the will of William Holland Jacobs), including the discretionary powers and duties, have devolved upon the present trustee (the appellee) and can be by it exercised and discharged, and were not personal to Vaughan Smith Collins."

The case was argued at the January Term, 1910, before Pennewill, C. J., and Boyce and Woolley, J. J.

*Harry Emmons*, for the appellant.

As a general rule, where a power is discretionary and of a kind that indicates personal confidence in the one selected to exercise it, a court of equity will not assume to exercise the discretion, and the power will not pass to a successor appointed by the Court, in the absence of express words to that effect in the instrument creating the trust.    The Court cannot invest a trustee of its creation with powers which are to be exercised, or not, in the personal judgment and discretion of the one appointed in the creation of the trust, in whom personal confidence is reposed.    In the construction of wills, it is the admitted rule to read a provision in the light of all facts and circumstances surrounding the testator and bearing upon the subject matter.    2 *Phillips on Ev.* 293; *Gray v. Corbit,* 4 *Del. Ch.* 135.    As a general rule, where a special discretionary or arbitrary power was given trustees and the settlement con-

tained no proviso for the appointment of new trustees with similar powers, it was not competent for the Court on the substitution of a new trustee by its own inherent jurisdiction to invest such trustee with that arbitrary power. 1 *Lewin on Trusts*, 471. Where the power is a matter of personal confidence in the trustee, it cannot be extended beyond the express words and clear intention of the donor. 2 *Perry on Trusts, par.* 496; *Cole v. Wade*, 16 *Ves., Jr.* 27; *Stile v. Tomson*, 2 *Dyer* 210a. Powers that imply a personal confidence must be exercised by the person in whom the confidence is placed and to whom the power is given. 1 *Perry on Trusts, par.* 273; *Cole v. Wade*, 16 *Ves., Jr.* 27; *Eaton v. Smith*, 2 *Beav.* 236; *Walsh v. Gladstone*, 14 *Sim.* 2; *Wilson v. Pennock*, 27 *Pa. St.* 238.

It is contended in behalf of the appellant that the only possible legal interpretation to be given to the fourth paragraph of the second part of the will is that the powers therein given are personal and discertionary in Vaughan Smith Collins, the executor named in the will, and he having renounced and resigned as trustee, said powers cannot be exercised by the appellee under its appointment by the Chancellor and are, therefore, absolutely gone and extinguished. *Cole v. Wade*, 16 *Ves., Jr.* 27; *Security Co. v. Snow*, 70 *Conn.* 288; *Lowe v. Convention of P. E. Church,* 83 *Md.* 409, 35 *Atl.* 87; *Dillingham v. Martin*, 61 *N. J. Eq.* 276; *Mercer v. Safe Deposit Co.*, 91 *Md.* 102.

The will of William H. Jacobs having made no disposition of his property beyond the creation of the trust for the benefit of his wife and daughter, any estate remaining after the expiration or failure of the trust would descend and vest in Elizabeth Vaughan Jacobs, the appellant, as intestate property.

*Robert Penington*, for the appellee.

Probably the best rule ever laid down for the construction of wills is, that the intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly conceived, and is not contrary to some positive rule of law, it must prevail. *Finlay v. King*, 3 *Peters* 346.

It was clearly the intention of William H. Jacobs, taken from a careful consideration of the whole will, that (1) he wished

to provide for his wife, upon condition that she should not marry; (2) he wished his wife to provide for his daughter; and (3) he had confidence in his brother-in-law, Vaughan Smith Collins, and desired him to see that his wishes were carried out. The most sensible and least strained construction to place on the will would be that the entire estate vested in such trustee who might be appointed by the Court of Chancery to succeed the trustee named in the will, and that the said trustee was then charged with the maintainence of the minor, and the conservation of the estate, until she arrived at the age of thirty years. It is fair to assume that any duties imposed upon the trustee by the will can be properly executed by an honest and intelligent trustee.

The rule seems to be that such discretionary powers as are annexed to the office of trustee, and are intended to form an integral part thereof, will survive to a trustee succeeding the original trustee; but it is otherwise where the powers are arbitrary and independent of the trust, and not an integral part of it, such as where a trustee has power to divert property in a different channel, for then the discretion would be personal and not annexed to the office or estate. 2 *Perry on Trusts*, 505, *and cases cited.*

No direct application of the rule seems to have been made in any reported decision in this State, but the point involved herein was touched upon in the case of *Collins v. Serverson*, 2 *Del. Ch.* 324, in which it appears that the Chancellor evidently regarded it to be within his power, in a proper case, to appoint a new trustee to execute his discretion in case the testamentary trustee neglected, or refused, to exercise it. The fact that the powers to be exercised by the trustee were personal to Vaughan Smith Collins at the time of his designation is not conclusive that the powers, or most of them, may not be properly exercised by subsequent trustees. If William H. Jacobs, for reasons best known to himself, did not desire that the corpus of the estate should pass over to his daughter until she had reached thirty years of age, it is neither in the power, nor is it the province of any court, to set aside his wishes. *Wilson v.*

*Pennock*, 27 *Pa. St.* 238; *In re Blakely*, 33 *Atl.* 518; *Burdick v. Goddard*, 11 *R. I.* 516.

Boyce, J., (delivering the opinion of the Court): This was a bill in equity, filed by the Wilmington Trust Company, complainant below, appellee, against Elizabeth Vaughan Jacobs, respondent below, appellant, by which it was sought to have the direction of the Chancellor as to the proper disposition of certain trust estate and property held by it as trustee, by appointment of the Chancellor, under the will of William H. Jacobs, deceased. From the statement of facts set forth in the bill of complaint, admitted by the respondent in her answer, William H. Jacobs, late of New Castle County, State of Delaware, departed this life on or about the twenty-sixth day of January, A. D. 1891, having first duly made and published his last will and testament, bearing date the twenty-sixth day of April, A. D. 1890, which, after his decease, was duly admitted to probate by the Register of Wills, in and for said county. That the will contains, among others (unimportant in this case), these provisions:

"Second.—After all just debts against my estate have been paid, all the residue and remainder of my estate both real and personal, I hereby give and bequeath to my wife, Jennie K. Jacobs, on the following conditions to wit:

"First.—That the said Jennie K. Jacobs shall not marry again, and if she shall remarry, then she is to forfeit all rights and emoluments conveyed by this will, and shall have no part, parcel or share in my estate.

"Second.—That said Jennie K. Jacobs shall properly and carefully feed, clothe, care for and educate our child and heir, Elizabeth Vaughan Jacobs, and other children, should such be born unto us and for this service said Jennie K. Jacobs shall make no charge against my estate.

"Third.—That said Jennie K. Jacobs shall not spend a sum greater than the annual income from said estate, unless by some unforeseen misfortune the net income at any time should be less than five hundred dollars annually, in which case she shall be at liberty to draw upon my executor for a sum not exceeding two hundred dollars additional for that year.

"Fourth.—In the event that my wife, Jennie K. Jacobs, should die before our daughter, Elizabeth Vaughan Jacobs, it is my desire and will that my executor shall care for and educate her and allow her such part of the income from my estate as in his judgment is necessary for her com-

fort, and such surplus income as shall not be required for her present comfort shall be added to the principal estate and invested for her. In no case shall she be allowed the full income from said estate until she is thirty years of age. But this shall not prevent my executor from paying out to her, or for her, the full income for any year before that time, if, in his judgment, her education, health or welfare demands its full expenditure. This limitation as to age is to apply with equal force whether my daughter marries or remains a maiden. My executor is to exercise this discretionary power for her until she is full thirty years of age. If at thirty years of age she has remained unmarried, my executor shall pay unto her all the estate remaining in his hands. If at thirty years of age she is married my executor shall pay to her the full net income from my estate annually, or if her husband be a man whose moral character and business ability is approved by my executor, my executor shall pay over to Elizabeth Vaughan Jacobs such part of my estate as his judgment may approve. Paying to her annually the income arising from the residue in his hands or paying over the residue in instalments as his judgment shall decide. If in any year the income shall not be sufficient for her welfare then my executor shall advance a sufficient amount from the principal estate to meet the necessity. Furthermore, it is my will and desire that my daughter, Elizabeth Vaughan Jacobs, consult fully and freely with her uncle, Vaughan Smith Collins, in matters of importance, especially in regards to investments and matrimony. * * *

"Fifth.—I hereby appoint Vaughan Smith Collins administrator of my estate and executor of my will.

"At my decease he shall settle all my debts and collect all accounts due me, of whatever nature, and shall sell whatever portion of real or personal estate that is not paying a good interest or dividend, and invest in good interest bearing securities. After he has closed the estate as administrator, he is to hold and invest all of said estate for my wife and child, or children, annually or semi-annually, paying over to them the income from said investments. For this after service as executor he is to be allowed his necessary expenses and one-half of one per cent. commission on the amounts handled as his compensation. * * * *"

That upon the probate of the will, letters testamentary were duly granted to the said Vaughan Smith Collins, who, it is conceded, duly administered the estate of the testator. That the testator left to survive him, his widow, Jennie K. Jacobs, who re-married about a year after the death of the testator, and one child, the said Elizabeth Vaughan Jacobs, respondent below, appellant, over twenty-one years of age, at the time of the filing of the bill; and who, it was conceded by the solicitors, is still unmarried and under the age of thirty years. That the

said Vaughan S. Collins, having assumed and performed the duties of executor or trustee, under the will, until the seventeenth day of February, A. D. 1901, was, upon that day, on his petition to the Chancellor, removed from the office of trustee, and discharged from the trust imposed under the will; and, on the same day, the said Jennie K. Jacobs, by the name of Jennie K. Martin, then the wife of Oscar L. Martin, was appointed trustee, in the place of the said Vaughan S. Coll ns, and served as such until the seventh day of April, A. D. 1909, when she (deceased at the time of filing the bill) was removed by the Chancellor; and, on the last mentioned date, the complainant below, appellee, was appointed trustee, and has acted as such until the present time.

It was averred in the bill, as the reason for filing it, that the said Elizabeth Vaughan Jacobs, the respondent below, appellant, claims that by the marriage of her said mother, the latter thereby forfeited all her rights and emoluments under the will of the testator, and that, thereupon, she, the daughter of the testator became, and is, entitled to the entire estate, now held by the complainant below, appellee, absolutely and in fee simple. She further claims that the trust is a personal one reposed in the said Vaughan S. Collins, requiring his judgment and discretion, and that, by his resignation and removal as trustee, there remains no one who can be clothed with such discretion and authority. The prayer annexed to the bill was to the effect that the interest of the respondent in the said trust estate be ascertained and determined by the Chancellor, and that the complainant be instructed who is entitled to the said estate and how the said trust estate is to be held and applied.

The cause was heard upon bill and answer, at the election of the complainant. The Chancellor, having found that Elizabeth Vaughan Jacobs has not attained the age of thirty years and that the then existing powers and duties given to and imposed upon the executor named in the will, were not personal to him, but were incident to his office of trustee, decreed that Elizabeth Vaughan Jacobs was not entitled to the principal of the estate so given in trust and that the powers and duties of the executor named in the will survived to and were to be

exercised by the incumbent in that office, which was instructed to hold the trust estate and to administer it in accord with the terms of the will. Whereupon an appeal was prayed for and granted. The solicitor for the respondent below, appellant, filed with his application for an appeal, three assignments of errors, which when considered together are in substance as follows: That the Court erred in decreeing that the powers and duties of the executor named in the will, as they relate to the estate given in trust, survived to and may be exercised by the complainant as a substituted trustee, and that the discretion conferred upon the trustee named in the will was not personal to him, and also in deciding that Elizabeth Vaughan Jacobs was not entitled to the principal of the trust estate of which she is now the sole beneficiary.

The question on this appeal, as it was in the Court below, is whether, or not, the complainant below, appellee, as substituted trustee, under the will in question, can exercise the discretionary power conferred by the testator on the original trustee. What was the intention of the testator in this regard; for if that can be ascertained from the will as a whole, that intention must be carried out, unless some imperative rule of law will prevent. *Finlay v. King*, 3 *Pet.* 346. First, the will clearly indicates that the testator intended to and did create a trust estate, comprising all his estate, after the payment of his debts, for the benefit of his wife during her widowhood, she to care for, maintain and educate their daughter, without charge to his estate, and also for the further benefit of his daughter, in the event of the death of his widow before the death of his daughter, and that Vaughan S. Collins should act in the dual capacity of executor of his will and trustee of his estate. The widow of the testator re-married and subsequently, prior to the filing of the bill, died, and it is unnecessary to consider the provisions of the will made for her benefit, and we, therefore, confine our consideration to the fourth paragraph of the second item of the will in connection with the fifth provision under the said second item.

These provisions clearly indicate that it was the intention of the testator: (1) In the event his wife should die before their

daughter, his trustee, named in the will, should care for and educate her, and allow her such part of the income of his estate (not the whole of it), until she should arrive at the age of thirty years, whether married, or not, as in his judgment was necessary for her comfort, and invest the surplus, unless, in his judgment, before that time, her welfare demanded the expenditure of the whole of the income for any one year, and, if unmarried, at the age of thirty, she should receive and have paid to her the residue of his estate, and not before; (2) but if at thirty she were married, the net income should be paid to her annually, and if her husband should be a man whose moral character and business ability his trustee approved, then he should pay to her such part of his estate as his judgment should approve, paying the income from the residue, as, in his judgment, he should determine. And, if in any year the income should not be sufficient for her welfare, he should pay to her from the principal sufficient to meet the necessities.

Confining our inquiry as to the powers of the present substituted trustee, the complainant below, appellee, entirely to the state of facts, as they existed at the time of the filing of the bill, was the power conferred on the original trustee by the testator discretionary and of a kind that indicates personal confidence, such as a court of equity will not assume? That is, was the power conferred intended to be presonal to the original trustee rather than to be annexed to his office of trustee? Where power is a matter of personal confidence in the trustee, it cannot be extended (in the absence of a statute) beyond the express words and clear intention of the testator. 2 *Perry on Trusts*, § 496. But where discretionary power is annexed to the office of trustee and is intended to form an integral part of it, such power survives to a trustee succeeding the original trustee. 2 *Perry on Trusts*, § 505.

The solicitor for the respondent below, appellant, contended that the power conferred by the testator on the original trustee is of a kind that indicates personal confidence and is confined to the individual to whom it was originally given, and could not therefore, in the absence of express words, be conferred on another, and that the power conferred did not attach

to the office of trustee.   He cited the leading case of *Cole v. Wade*, 16 *Ves., Jr.* 27, and many other cases recognizing the well established doctrine of that case.   The rules governing the administration of trusts clearly recognize the distinction between the case of a donor of the power intending to repose a personal confidence in the donee of the power and one where the donor of the power intended to annex the power to the office of the donee.   The difficulty lies not in distinguishing the rules but in determining which rule the testator as donor intended to invoke in this case.   As it has been said:

"The question to be determined in each case is as to the test which the donor of the power intended should be determinative as to its exercise. If she made that test solely the personal discretion of the trustees it is clear that the power cannot be delegated or pass to another for that would be to substitute the discretion of another for that discretion which the donor relied upon."   *Smith v. Floyd* 124 *App. Div.* 277, 108 *N. Y. Supp.* 775.

In the recent English case of *In re Smith*, [1904] 1 *Ch.* 139, 73 *L. J. Ch.* 74, the Court said:

"Every power given to trustees which enables them to deal with or affect the trust property is *prima facie* given them *ex officio* as an incident of their office, and passes with the office to the holders or holder thereof for the time being; whether a power is so given *ex officio* or not depends in each case on the construction of the document giving it, but the mere fact that the power is one requiring the exercise of a very wide personal discretion is not enough to exclude the *prima facie* presumption, and little regard is now paid to such minute differences as thosebetween 'my trustees,' 'my trustees A. and B.' and 'A. and B., my trustees'; the testator's reliance on the individuals to the exclusion of the holders of the office for the time being must be expressed in clear and apt language."

Where the execution of a trust conferred upon a trustee requires an exercise of discretion in its execution, and the intention of the testator creating the trust, as evidenced by his will, was that the trust should continue and survive the trustee, named in the will (and if for any reason the discretion was not executed by such trustee), it may be exercised by a substituted trustee, and it will not fail or expire upon the removal or death of the original trustee.   The entire principal of the trust estate in this case was not to be paid to the testator's daughter until she was thirty years of age whether her mother should either

marry, or die, before that time; for the will expressly provides: "If at thirty years of age she has remained unmarried, my executor shall pay unto her all the estate remaining in his hands." It is a settled rule that powers or trusts must be construed reasonably according to the intention of the donors, and that courts will not allow a trust to fail, or its features to be defeated by the refusal or neglect of the trustees to execute it, if such trust is so conferred that it is reasonably certain that the donor intended that it should be exercised.

Conceding, as it is manifest, that the testator had great personal confidence in Vaughan S. Collins, his brother-in-law, and that he conferred upon him a wide personal discretion in the administration of the trust under consideration, does it unmistakably appear from the language of the will, or must it be assumed from anything appearing in the will, in the absence of an expressed intention, that the testator intended to rely upon Vaughan S. Collins, for the administration of the trust conferred on him to the exclusion of another who, for the time being, might be appointed to administer the said trust, for any reason, such as renouncement, refusal, neglect, resignation, removal or death? Must it be presumed from anything in the will that the testator having in his mind, in legal contemplation, such contingencies, intended his trust estate to fail before his daughter should, at least, reach the age of thirty years?

Any such presumption is unwarranted under a reasonable construction of the will; for the discretionary power relied upon to defeat the trust estate, at this time, is such, in its scope and character, considered in connection with the provisions of the whole will, as indicates that the testator may have well supposed it could be safely reposed in and administered by a substituted trustee. The discretionary power or trust delegated by the testator to his trustee was not such as the selection of beneficiaries, appointment among several objects, distribution to church or charity, power which may be executed or not, at the personal discretion of the donee, and powers purely personal and limited to the trustee named who dies without exercising them.

The discretionary powers conferred by the testator under the will in question and the duties to be exercised, at present, are not unusual or out of the ordinary, and are those which are common to the administration of trust estates.

We are unanimously of the opinion that there was no error in the finding of the Chancellor, "that the beneficiary, Elizabeth Vaughan Jacobs, is not now entitled to have transferred to her the principal of the trust estate, and that at this time all the powers and duties, including the discretionary powers and duties, have devolved upon the present trustee, and can be by it exercised and discharged.     *     *     *"

The decree of the Chancellor, is, therefore, affirmed.