C. LANSING JONES, as Substituted Trustee under the Will of GEORGE W. DODGE, Deceased, Respondent, *v.* SARAH G. BEVILLARD, Appellant, and DOROTHY D. SNOW et al., Respondents, Impleaded with Others.

Former adjudication — will — when judgment in action for construction of a will is res adjudicata in a similar action thereafter brought by a substituted trustee under the will.

A judgment in an action brought by a sole surviving trustee to obtain a judicial construction of a will is *res adjudicata* in an action thereafter brought by a substituted trustee to obtain a construction of the same provision, as to a party to the first action, where the former judgment is properly pleaded and proven as a defense. Such a judgment contains every element necessary to create an estoppel.

*Jones* v. *Bevillard*, 145 App. Div. 906, affirmed.

(Argued June 20, 1913; decided November 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 19, 1911, which affirmed a judgment of Special Term construing the will of George W. Dodge, deceased.

The facts, so far as material, are stated in the opinion.

*Thomas F. McDermott* for appellant.

*Oswald P. Backus* for plaintiff, respondent.

*D. C. Burke* for Dorothy D. Snow, respondent. The defendant and appellant, Sarah G. Bevillard, being a party to the action brought by the trustee, Arthur P. Bartholomew, and the same question being at issue in that action as in this and decided adversely to her contention in this, is bound by the judgment in that action. (*House* v. *Lockwood*, 137 N. Y. 259; *Stokes* v. *Stokes*, 155 N. Y. 592; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *Young* v. *Farwell*, 165 N. Y. 341; *Rudd* v.

*Cornell,* 171 N. Y. 114; *Stokes* v. *Foot,* 172 N. Y. 327; *Thomas* v. *Bretenil,* 86 App. Div. 405; *Stokes* v. *Stokes,* 49 App. Div. 302; *Weiser* v. *Kling,* 38 App. Div. 266; *Drake* v. *New York Suburban Co.,* 26 App. Div. 499; *Gull* v. *Gull,* 17 App. Div. 312.)

*William S. Mackie* for Grace Harry, respondent. The judgment in *Bartholomew* v: *Dodge* is *res judicata* herein as to personal discretion. (1 Herman on Estoppel, 232, § 210; *Clemens* v. *Clemens,* 37 N. Y. 71; *Griffin* v. *L. I. R. R. Co:,* 102 N. Y. 452.)

WERNER, J. The plaintiff, as sole trustee under the will of George W. Dodge, instituted this action to obtain a judicial construction of the last paragraph of the third clause of the instrument, which reads as follows: "And I also hereby authorize, empower and direct my said executors and trustees whenever they or any two of them shall deem it advisable to do so, to pay to either of my children such sum and so much of principal of which they are to have the use, profits and income as above provided, in case of any contingency which they may deem it safe and preferable for them to do so, and for the interest of said child or either of my said children."

The question presented by the appellant in respect of this clause is whether the power thus given to the three trustees "or any two of them" was transmitted to the plaintiff upon his appointment by the surrogate of Oneida county as sole trustee to succeed the three original trustees upon the death of the survivor of them. Before we reach that question, however, we must decide whether the judgment in a former suit to obtain construction of the same will, brought by the then survivor of the three original trustees, is *res adjudicata* as to the defendant Sarah G. Bevillard, who is the only appellant in the case now before us.

The testator made his will February 13, 1881, and died

on the following 19th of March. He left him surviving a widow, one son and three daughters. The children were all of age except the daughter Helen, who was then about twenty, and all were unmarried except the daughter Algenia A. Snow. The son and the youngest daughter Helen soon married, and five years later the daughter Sarah, the present appellant, also married.

The will first makes provision for the widow in the form of a stated annuity which the trustees were authorized to increase not exceeding a specified sum, and they were also directed to purchase a house, if they deemed it advisable, for her use as a home so long as she lived. The executors and trustees were then directed to divide the rest of the estate into fourteen shares, and the income and profit thereof was given to the children in the following proportions: To the son five shares, with remainder over to his children in equal shares; to the daughter, Algenia A. Snow, three shares, subject to an advancement of $1,000 which the testator had made to her, with remainder over to her children; and to each of the other two daughters three shares, with remainder over to their children in equal shares.

The first paragraph of the third clause of the will gives the estate to the three trustees for the purposes above stated, with power of sale and investment, and the second paragraph of the same clause, which has already been quoted in full, authorizes the trustees "whenever they or any two of them shall deem it advisable to do so, to pay to either of my children such sum and so much of the principal of which they are to have the use, profits and income as above provided, in case of any contingency which they may deem it safe and preferable for them to do so, and for the interest of said child or either of my said children."

In 1887, after one of the original trustees had died and another had resigned, the surviving trustee brought an action to obtain a construction of the clause of the will

here under consideration. To that action the appellant here, Sarah G. Bevillard, was a party defendant, and interposed an answer in which she asked for such a construction of the clause in question as would permit the sole surviving trustee to make advancements of principal to her under it. The court in that action gave judgment against her upon that question, and in its judgment stated "the power conferred upon the executors and trustees or any two of them by the third clause of said will, to make advancements to testator's children from the principal sum of which they are to have the rents, profits and income does not survive to plaintiff as sole executor and trustee. And he has not the right, power and authority as sole surviving executor and trustee, to exercise his discretion and make such advancements as were contemplated and directed by the third clause." That judgment remains unreversed.

In the action now at bar the Special Term decided that the plaintiff, as sole substituted trustee, had no power to make the advancements claimed under the third clause of the will, and judgment was rendered against the appellant Bevillard. The trial court held, however, that the judgment rendered in the former action was not *res adjudicata*, and the Appellate Division upon appeal affirmed the judgment.

We have no doubt that the judgment in the former action is *res adjudicata* as to the appellant Bevillard, and in that view of the case it is not necessary to express an opinion as to the proper construction of the third clause of the will. Although the trial court found that the former judgment was not *res adjudicata*, this was purely a conclusion of law which we have the right to review on this appeal; and this is true even in the absence of an exception to the finding, for it was not necessary to set forth the respondents' exceptions. It is enough that the former judgment was properly pleaded as a defense in the answer of one of the defendants, and

that the proof in regard thereto is contained in the record, from which it appears that the appellant Bevillard was a party defendant to the former action, and that the complaint therein properly tendered the issue involving the construction of the very part of the third clause of the will that we are now asked to construe. In that action the answer of the present appellant Bevillard distinctly presented the construction of the third clause of the will, and the judgment expressly decided that question. The only difference between the two actions is that the plaintiff in the first one was the sole surviving trustee, and in the one at bar the plaintiff is the trustee substituted in his place. In these circumstances it is clear that the present trustee stands in the shoes of his predecessor and is equally bound by the judgment. The case contains every element necessary to create an estoppel by judgment. (*Rudd* v. *Cornell*, 171 N. Y. 114; *House* v. *Lockwood*, 137 id. 259.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment affirmed.