In the Matter of the Estate of BENJAMIN F. EINSTEIN, Deceased.

Surrogate's Court, New York County, November 16, 1936.

*Larkin, Rathbone & Perry* [*Albert B. Maginnes* and *Leonard A. Blue* of counsel], for the substituted trustee, Central Hanover Bank and Trust Company.

*J. Hutton Hinch*, for the respondent, Beulah S. Norton.

*James N. Vaughan*, special guardian.

FOLEY, S. In this accounting proceeding a question has arisen as to the power and authority of the substituted trustee to retain certain securities and to invest in other securities which were not within the class of legal investments as defined by the statutes.

Paragraph thirteenth of the will provided: " I direct that my executors, in the investment of trust funds, shall not be limited to the class of securities approved for the investment of trust funds, but may retain any property owned by me at the time of my death and may make investment in their discretion in securities or property deemed by them to be safe."

The testator was a lawyer. By his will he appointed his two law partners as executors and trustees. The trust here involved was created for the benefit of his daughter, with income payable to her for life. Upon her death, the remainder is to vest under

various contingencies in her issue and in other children of the testator, or in their issue by substitution, in the event of the death of the parent.

The special guardian of the infant remaindermen and the life tenant contend that the grant of power to the original trustees to depart from the class of legal investments was intended by the testator as a purely personal discretionary authority involving a personal confidence in them and that the testator intended that a substituted trustee should be restricted to legal investments alone.

I find no support for these contentions in the language of the will. Under the pertinent authorities, the determination of the question must rest upon the search and ascertainment of the intention of the maker of the will. Here the testator had long experience in the law and the instrument itself indicates care and precision in draftsmanship. The courts have adopted a liberal attitude in finding evidence of intent by a testator to clothe a substituted trustee with powers that might appear, at first impression, to create a personal discretion based upon confidence in the individuals named as trustees in the will. Thus in *Smith* v. *Floyd* (193 N. Y. 683, revg. 124 App. Div. 277), and adopting the opinion of Justice INGRAHAM who wrote in dissent below, it was held that a substituted trustee might exercise the permission given to the trustees nominated in the will, to apply a portion of the capital of the trust fund to the use of the daughter of the testator, who was the life beneficiary. Surrogate WINGATE, in *Matter of White* (135 Misc. 377), in a very comprehensive decision, has analyzed this case and reviewed other authorities dealing with provisions permitting the invasion of capital or discretionary payments of principal and the exercise of other powers by a substituted trustee. (*Jones* v. *Bevillard*, 209 N. Y. 446, affg. 145 App. Div. 906; *Matter of Donlin*, 177 id. 184.) Similarly, the courts have sustained the exercise of a power of sale by a successor trustee in aid of the administration of the trust. (*Lahey* v. *Kortright*, 132 N. Y. 450.)

In the present will there is the strongest indication of a purpose by a testator to confer upon a successor trustee the right to retain and make new investments in non-legal securities.

In paragraph fifteenth of the will the testator appointed two designated executors and trustees, with the following further instructions: " I nominate, constitute and appoint Milton S. Guiterman and Gerard B. Townsend executors of this my Last Will and Testament and trustees of the trusts hereby created. It is my desire that there shall always be two trustees of the trusts created by this instrument, and in the event that the number of trustees shall be reduced to one by renunciation, death, resignation or otherwise, I direct that the remaining trustee shall appoint a

second trustee by an instrument under his hand and seal, *and thereupon the person so appointed shall become possessed of all the powers and rights and be subject to all the duties of one of the trustees of said trusts.*" (Italics mine.)

Plainly the testator, with his expert knowledge of the law, anticipated in this provision the possibility of the appointment of a successor trustee. His daughter, the life tenant, was a young woman at the time of the execution of the will. His trustees were of his own age, and in the ordinary course of life would predecease her. He contemplated that both of his original designated trustees might resign or die, leaving a substituted trustee to function in their place. Such successor was expressly clothed with independence from statutory restrictions in making investments, to the same degree as the original trustees.

It is asserted in the pending proceeding that the broad grant contained in paragraph fifteenth was intended to be limited to a successor trustee specifically designated by the surviving trustee named in the will and that thereby the substituted corporate trustee, appointed by the decree of the surrogate in 1920, was precluded from exercising the wider powers. There is no support for that interpretation in the will itself. In fact the evidence of a contrary intent is plainly revealed. The testamentary grant of power to a substituted trustee was intended to apply to any trustee appointed by individual designation or by judicial appointment. While I regard the method of designation of the successor trustee as unimportant, it should be noted in the accounting proceeding of the original trustees in which their resignations were accepted by this court, that the Central Union Trust Company, the predecessor of the present trustee, the Central Hanover Bank and Trust Company, was made a party. It was cited as an assignee of the life tenant. Under the customary practice and procedure in this court, almost invariably a successor trustee is named on the recommendation of the persons interested in the estate. There is not the slightest indication that the surrogate who made the appointment of the successor trustee did so upon his own nomination. On the other hand, the inference convincingly follows from a reading of the decree and the papers in the accounting proceeding that the selection of the trust company was made upon the recommendation of the retiring trustees and of the life tenant, who now objects to the account.

Under the will it was within the discretion of a trustee to appoint a successor by an instrument. The judicial appointment by formal decree avoided the necessity for such a designation.

I accordingly hold that the substituted trustee actually appointed possessed all the powers and rights of the original trustees, including

the power to retain and to invest in securities other than those contained within the legal list, and that such was the purpose of the testator. The question here involved does not appear to have been passed upon by any of the appellate courts of the State. Similar determinations, however, have been made in prior cases in this court. (*Matter of Jenkins,* 111 Misc. 517; *Matter of Trowbridge,* 117 id. 55; *Matter of Thebaud,* N. Y. L. J. Oct. 29, 1932, p. 1818.) It should be noted also that the mere grant of authority to invest in non-legal securities does not relieve a trustee of the responsibility of care, prudence and vigilance. (*Matter of Hall,* 164 N. Y. 196.)

Upon the subordinate question as to whether the testator intended to compel at all times the functioning of two trustees instead of one, it is clear that the language of paragraph fifteenth upon that phase of administration was merely precatory. The testator himself simply indicated his " desire " in that regard and did not impose a mandate. The life tenant has acquiesced in the administration of the trust by a single substituted trustee since the date of its appointment in 1920. She was cited in the original proceeding and is precluded by the provisions of the decree.

There is neither legal reason nor an expressed purpose in the will to require the appointment of an additional trustee with increase in amount of the commissions and consequent expense to the beneficiaries of the trust.

Pursuant to my interpretation of the will, I hold as a matter of law that the objections of the life tenant and the special guardian upon this phase of the case must be overruled.

Submit decree on notice construing the will and settling the account accordingly.