In the Matter of the Application of GEORGE T. DONLIN, Substituted and Sole Surviving Trustee of and under the Last Will and Testament of DENIS SHEA, Deceased, for a Construction of said Will.

GEORGE T. DONLIN as Trustee, Appellant; JOHN J. HYNES, Special Guardian for MARY CATHERINE SHEA, and Others, Respondents; NICHOLAS H. PINTO, Committee of DENIS B. SHEA, an Alleged Incompetent, Intervenor, Respondent.

First Department, March 9, 1917.

Will — proceeding in Surrogate's Court by substituted trustee for construction of will — discontinuance of proceeding upon commencement of action in Supreme Court for construction of will and for an accounting — will construed — authority of substituted trustee to apply part of principal of trust for benefit of beneficiaries.

Where a substituted trustee appointed by the Supreme Court, upon a question arising as to his authority to pay over to or to apply for the benefit of life beneficiaries a part of the principal of trusts created for their benefit, after instituting a proceeding in the Surrogate's Court for a construction of the will, applied for a discontinuance thereof on the ground that, pursuant to the advice of counsel, he had brought an action in the Supreme Court both for a construction of the will and for an accounting by himself and also by the executrix and by a son of the testator, the surrogate should have refrained from construing the will and from requiring an accounting; but where the surrogate has retained jurisdiction to the extent of construing the will, an order of the surrogate denying the application to discontinue the proceeding should be affirmed and the court may under the circumstances construe the will.

Provisions of the will creating the trusts examined, and held, that it was the intention of the testator to clothe the trustees with authority to provide liberally, not only for the necessities but also for the general welfare and comfort of the beneficiaries, and that a substituted trustee appointed by the Supreme Court has like authority. The question of the propriety of the application of principal for the maintenance of the beneficiary will be decided on the accounting.

APPEAL by the petitioner, George T. Donlin, as trustee, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 27th day of July, 1916, denying his motion to discontinue this proceeding, and also from a decree entered in the office of the clerk of said court on the 27th day of July, 1916, construing the will herein.

*Louis O. Van Doren,* for the appellant.

*John J. Hynes,* for the infants, respondents.

*Jerome F. Donovan,* for the incompetent, respondent.

*Irving Katz* [*N. Howard Pinto* with him on the brief], for the intervenor.

LAUGHLIN, J.:

The testator, Denis Shea, died on the 13th day of December, 1897, leaving a last will and testament, which was duly admitted to probate on the 28th day of December, 1897, and letters testamentary were duly issued to his widow, Catherine Shea, and to his son, John J. Shea, and his counsin, John B. Shea, named in the will as executrix and executors, and they also became trustees under the will. On the 12th day of November, 1907, on account of the death of the two executors, Catherine Shea was acting as sole executrix and trustee, and on her appplication on that day the petitioner was duly appointed by an order of the Supreme Court a trustee under the will, and he duly qualified and is still acting. On the 25th day of April, 1914, Catherine Shea died, and since that time the petitioner has been acting as sole trustee.

Evidently a question as to his authority as substituted trustee to pay over to or to apply for the benefit of the life beneficiaries a part of the principal of the trusts created for their benefit arose, and on the 28th day of October, 1915, he instituted this proceeding in the Surrogate's Court praying for a construction of the will in that regard. His petition shows that the only persons interested in the proceeding are Anna E. Shea, a daughter, and Joseph B. L. Shea and Denis B. Shea, sons of the testator, and six grandchildren, who are all children of said Joseph B. L. Shea. The testator's son, Denis B. Shea, is an incompetent, and when the proceeding was instituted was an inmate of a hospital for the insane at Hamilton, Ont., in the Dominion of Canada. A special guardian was appointed for the incompetent and another for the infants and the hearing was duly adjourned from time to time until the 4th day of April, 1916. The special guardians filed reports also praying for a construction of the will and in addition for an accounting

by the petitioner and the special guardian of the infants asked that the court investigate the management of the estate by the petitioner, it being charged in the report of the special guardian that the estate has been mismanaged and that there is an apparent shortage in the corpus of the estate of about $28,000 caused by the exercise by the petitioner of the powers concerning which he asks a construction of the will. The special guardian for the incompetent prayed for the payment of a bill owing to the institution in which the incompetent has been maintained.

The petitioner gave notice of a motion returnable on the day to which the hearing on the petition had been finally adjourned for the discontinuance of the proceeding on the ground that pursuant to the advice of counsel he had brought an action in the Supreme Court on the 17th day of March, 1916, both for a construction of the will and for an accounting not only by himself as substituted trustee but also by the executrix of Catherine Shea, and by Joseph B. L. Shea who, the complaint alleged, was accountable for certain rents and other moneys belonging to the estate. These are the reasons assigned for having the accounting in the Supreme Court where the petitioner was appointed.

The surrogate denied the application for the discontinuance of the proceeding, but without taking any evidence made a decree construing the will and awarding to each of the special guardians $400, and denying their application for an accounting on the ground of the pendency of the action in the Supreme Court. Pending the appeal the committee of the estate of the incompetent was allowed to intervene. We think the learned surrogate should have refrained from construing the will as well as from requiring the accounting, but inasmuch as he saw fit to retain jurisdiction to the extent of construing the will, and the points upon which the construction depends have been fully argued we think we may as well construe the will now as to defer action thereon. The nature and extent of the estate is not definitely shown. It appears by an affidavit of the petitioner that the total value of the assets does not exceed $225,000, and that $83,000 is represented by bonds and mortgages and the balance by real estate, and that the gross income for the year ending December 31, 1915, was approximately $7,800, and the necessary expenditures for that year approxi-

mately $4,300, and that the income is, has been and will be insufficient to meet the carrying charges and to support the three life beneficiaries, none of whom is self-supporting. By the will the testator gave, devised and bequeathed all of his property to his executrix and executors in trust, with power and directions to sell, to pay his debts and funeral expenses and certain legacies, to invest and reinvest and to collect the rents and income and to pay the same over to his widow during her life, with a request from the testator that she support and educate their children during minority. He empowered his trustees to advance not exceeding the sum of $5,000 from the principal for the purpose of establishing in business any of his children upon attaining the age of twenty-five years or for any other purposes deemed by the trustees to be proper or to the advantage of the child. Upon the death of his wife he directed that the surviving trustees *or their successors* should divide the principal of the estate and any unappropriated income into as many shares or parts as there should be children of his then surviving or issue of deceased children, such issue, however, to be represented by one share as if their parent had survived; and he provided that any advances made to a child under the provisions to which reference has been made should be deducted from the share of such child. He then provided that if his son, John J. Shea, should then be living, his share should be paid over, and that the shares of the issue of deceased children should likewise be paid over; but that the trustees should continue to hold and manage and invest and reinvest the remaining shares and collect the rents and income thereof separately and pay over and apply the same to the use and support of the child for whose benefit the share was so set apart during the natural life of such child, and upon the death of the child the share and all unapplied income thereof should go to his issue if any then surviving, and in default of issue or descendants of issue to the next of kin of the child for whose benefit the share was set apart in the proportions prescribed by the statutes of this State. He then gave his daughter, Anna E. Shea, who is a party to this proceeding, a power of appointment to be exercised by a last will and testament, to dispose of the share set apart for her provided she left no issue.

First Department, March, 1917.              [Vol. 177.

The provisions of the will concerning which a construction is desired are those relating to the payment of part of the principal of the two shares set apart for the testator's sons, Joseph B. L. Shea, the father of the infants, and Denis B. Shea, the incompetent. These provisions follow the clause giving the daughter the power of appointment and are as follows: " And in respect to any share or shares which shall be set apart for the benefit of and as representing any of my sons, other than my son John J. Shea, I do give to my trustees, meaning however in this particular only such of those named and appointed in this will as shall be acting at the time, whether one or more, the right and power in case they shall deem such action justified or deserved by the conduct and course of life of the life beneficiary of such share, and that it will for other reasons seem to them to be proper to do so, to pay to the son who shall be such life beneficiary out of the principal of the share set apart as representing him, from time to time, such sum or sums of money as to them shall appear to be reasonable and to be productive of benefit to him, or to apply the same in such a manner as they may think most likely to so benefit him."

The validity of these provisions is not questioned. In so far as they relate to *personal property* there can be no doubt that a valid trust could be created not only for the use of both income and principal for support and maintenance, but for the application of the principal to the use of the beneficiary without regard to the necessity thereof for support and maintenance (*Matter of Wilkin*, 183 N. Y. 104); and in so far as they relate to real property, in view of the power of sale, there can be no doubt that a valid trust could be created for the application of both income and principal for the proper and comfortable maintenance and support of the beneficiaries. (*Rogers* v. *Rogers*, 111 N. Y. 228; *Smith* v. *Floyd*, 193 id. 683, revg. 124 App. Div. 277, on dissenting opinion of INGRAHAM, J., below.) Although it is conceded that these provisions were valid, it is claimed that by their express terms and by controlling precedents with respect to the construction thereof the authority to make applications of part of the principal was confined to the trustees or trustee named in the will who should be acting. If the testator intended to confer authority on the trustees to pay

over the principal to or for the use of the beneficiaries *without regard to the necessity therefor for their* proper support, comfort and maintenance, then it might well be argued that such authority would not vest in a substituted trustee but would be deemed to have been conferred solely on the trustees personally selected by the testator to exercise such unlimited discretion; but that is a question on which we do not deem it necessary to express an opinion. If that authority existed, it would enable the trustees or trustee to terminate the trust by giving over the entire share to the beneficiary, but that, we think, was not the intention of the testator. It is manifest that he intended that the trust should continue as long as his children who were beneficiaries thereunder should live and the reasonable construction of these provisions is that he intended to clothe the trustees with authority to provide *liberally* not only for the necessities, but also for the general welfare and comfort of the beneficiaries. The grandchildren who now seek to have the authority of the trustee limited to the use of the income for the benefit of the said sons of the testator were unknown to him and were not born until long after he died. They would have not only their father but their uncle confined to the use of income regardless of whether that is sufficient for their proper and comfortable maintenance and support. But it is manifest that these provisions were made primarily for the benefit of the testator's children and not for any issue that they might have after the death of the testator or for their next of kin in default of issue. Thus construed as creating a trust for the support and comfortable maintenance of the testator's two sons, there is no reason why this authority should not devolve upon a substituted trustee as well as upon the trustees named by the testator, and otherwise his purpose, if we are right in our construction of his will, would be defeated. (*Smith* v. *Floyd, supra.*) The question of the propriety of any application of principal to the maintenance and support of or for the benefit of either son will arise and be decided on the accounting.

The allowances to the special guardians in view of the amount of this estate and the small income therefrom are, we think, excessive and should be reduced by one-half and no allowance

made to them on the appeal or to the intervenor who argues only in favor of the grandchildren.

We, therefore, affirm the order denying the application of the petitioner to discontinue the proceeding, but modify the decree construing the will as herein indicated, with costs to the appellant payable out of the estate.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed and decree modified as stated in opinion, with costs to appellant payable out of the estate. · Order to be settled on notice.