Cohalan, S.
In this accounting proceeding two questions of construction of the will are presented.
The first question is whether a power in the will given to the trustees therein named may be exercised by a substituted trustee appointed by the court. The will authorizes the trustees “ in their absolute discretion ” to invest one-third of the corpus of the trust in a business for the son’s benefit‘ ‘ if at any time after my said son shall arrive at the age of twenty-one years he shall show a disposition to go into business. * * *”
The trustees named in the will are deceased. The Farmers Loan and Trust Company was appointed substituted trustee by order of the Supreme Court. The son (Matthew Jenkins) for whose benefit this pro *519 vision is made is twenty years of age. There is nothing in the papers before me to indicate that said son shows any disposition or desire to go into business when he arrives at the age of twenty-one years. It does not appear that the substituted trustee has been asked to exercise this power. It may never be called upon to do so. As it is apparent that there is no present necessity for this construction, the application should not be entertained. Matter of Heaney, 188 App. Div. 976.
The other question of construction arises under subdivision (a) of the 4th paragraph of the will, which authorizes the executors and trustees named in the will ‘ ‘ and the survivor of them ’ ’ as follows:
“ (a) To invest and reinvest the same in bonds and first mortgages, and in such other legal securities as in their judgment shall be safe and advisable, and I hereby authorize my said executors and trustees hereinafter named, or such of them as may qualify, and the survivor of thorn, to retain in my estate any shares, stocks, bonds or other securities whatsoever whereof I may be possessed, or to which I may be entitled at the time of my death, if they deem it for the best interest of my estate so to do, without any liability on their part in case of any loss or depreciation thereof.”
It is urged that the substituted trustee cannot avail itself of the provisions of the above clause, because the trustees named in the will were given purely personal discretion. The substituted trustee is holding many securities representing investments made'by the testatrix and left by her among the assets of her estate. There are also securities which were not owned by the testatrix, but which were received by her estate in-exchange for securities owned by her as a result of reorganizations of corporations.
In the 7th paragraph of the will the testatrix designated the Commercial Trust Company of New Jersey *520 to act as executor and trustee in the event that the other two persons named renounced or were removed. The testatrix conferred upon this trust company all the powers conferred upon the individuals named as trustees. Although the New Jersey trust company was not appointed substituted trustee, this provision is important in showing the intent of the testatrix. Presumably she reposed particular trust and confidence in the individuals named as executors and trustees. No doubt she named persons whom she knew well. But by designating a trust company to act in case of the renunciation or removal of the two individuals, I think she showed that the powers in question were not of a particularly personal nature, because she could not be certain of the individuality of the trust company officers, who at some future time might be charged with the duty of exercising the discretionary power.
If the securities were such that the persons named in the will were in a singularly advantageous position to know or ascertain the facts upon which to base a judgment as to selling or retaining them, there might be sound reason for the contention that the power is a purely personal one. But the securities left by the testatrix were not of this description. They consisted generally of listed stocks and bonds of railway and industrial corporations. Their market values, past and present, are readily ascertainable. Any competent investment specialist could advise as to the desirability of holding or selling them. A trustee is not left in much-doubt as to his rights and liabilities concerning the retention of investments or securities in such a case as this. The courts have construed similar testamentary directions. Matter of Vom Saal, 82 Misc. Rep. 531; Matter of Hirsch, 116 App. Div. 367; Matter of Hall, 164 N. Y. 196. There is some analogy, therefore, between this case and those where the courts have ap *521 plied the rule that if the facts upon which the exercise of the discretionary power depends are readily ascertainable in the usual legal manner, the power will be held to pass to a successor trustee. Hull v. Hull, 24 N. Y. 647. The provision under consideration is susceptible of a broader interpretation than that of other wills, where it was held that a discretionary power given to certain designated trustees passed to a successor appointed by the court. Smith v. Floyd, 124 App. Div. 277; revd., and dissenting opinion adopted, 193 N. Y. 683; Matter of Donlin, 177 App. Div. 184.
I will hold, therefore, that the provisions of subdivision (a) of the 4th paragraph of the will apply to the petitioner, the substituted trustee. The other question of construction is not entertained, as above indicated.
Decreed accordingly.