In the Matter of the Estate of SAMUEL BROWN, Deceased.

Surrogate's Court, New York County, January 17, 1935.

*Wilson M. Powell,* for the successor trustee accountant.

*Sydney M. Heimann* [*Jacob I. Smith* of counsel], for Hazael Morgan Brown Levy, remainderman.

*Alice Dillingham,* special guardian.

*Crawford & Sprague* [*J. Lester Parsons, Jr.,* of counsel], for Samuel Brown, life tenant.

FOLEY, S.   This is an accounting by a successor trustee in which a construction of the will is sought.   The testator died in 1882. The second paragraph of his will provides in part as follows: " I give, devise and bequeath all the rest, residue and remainder of my property and estate to my beloved daughter, Sarah H. Powell, and my beloved grandson, Samuel Brown, son of my deceased son, Samuel H. Brown, share and share alike and to their heirs and assigns forever, subject however as to the share of said Samuel Brown my said grandson to the following provision, trust and condition to wit:"

This paragraph of the will then provides that the share of the grandson shall be held in trust during his life with income payable to him.   The remainder of the trust is given to the issue of the grandson, and in default of issue to the testator's daughter if living, and if not to her heirs as though she had died intestate.   The will further provides: " But I hereby expressly give to my said executor power and authority if in his judgment it shall seem best to give to my said grandson, Samuel Brown, the whole or any part of the principal of his said share, at any time after he shall have reached the age of twenty-one years; and I enjoin upon my executor however that no part of said principal of Samuel's share be paid over to him unless it shall be evident that it will be safe and prudent to do so."

The executor named in the will died in 1915 and his son was appointed his successor and is still acting.   Samuel Brown, the testator's grandson, now seeks to have the principal of the trust paid to him.   A question has arisen as to whether the present trustee has succeeded to the power to invade all or any part of the trust principal conferred on the executor and trustee named in the will.

The rule in determining questions of this nature is if the power conferred on the original fiduciary is personal and confidential the power will not pass to a successor.   But if the power is incidental to the administration of the trust and the accomplishment of the testator's purpose the power devolves upon the successor to the original fiduciary.   The ascertainment and the effectuation of the testator's intention, therefore, governs the determination of this question as in all other questions of construction.

From an examination of the will and the surrounding circumstances, it is apparent that the testator's grandson was a special object of his bounty. He is the son of a deceased son of the testator. Under the terms of the will he shares the residuary estate equally with the testator's daughter. The original bequest to the grandson in the first portion of the residuary clause is absolute in form. The subsequent language modifies this absolute bequest by creating a trust for the benefit of the grandson of his share of the residue. It is obvious that the testator's intention in modifying the absolute bequest was to protect his grandson against his own imprudence and indiscretion. The will itself discloses that at the time of its execution the grandson was a minor. The dominant purpose of the testator was to provide adequately for the needs of his infant grandson and at the same time to insure a certain measure of protection to him against his own imprudence. The method adopted by the testator to accomplish his purpose was to create a trust for his grandson and to confer upon the trustee a power to invade and pay over any or all of the principal of the trust to the grandson.

Viewed in this light the power to invade the principal is incidental to the administration of the trust and the accomplishment of the testator's intention.

In *Smith* v. *Floyd* (124 App. Div. 277; revd. on the dissenting opinion of INGRAHAM, J., 193 N. Y. 683) and in *Matter of White* (135 Misc. 377) the facts were substantially similar to those presented here. In each of these cases it was held that the power to invade the principal was vested in the successor trustee.

I hold, therefore, that the power to invade the principal of the trust is now vested in the successor trustee. (*Smith* v. *Floyd, supra; Matter of White, supra; Matter of Donlin*, 177 App. Div. 184.)

I hold further, however, that the power is not absolute but discretionary. Before exercising this power the trustee should ascertain the needs of the life beneficiary commensurate with his age and station in life in order to determine to what extent, if any, the trust principal should be invaded for his benefit.

Submit decree on notice construing the will and settling the account accordingly.