In the Matter of the Estate of OSCAR J. GUDE, Deceased.

Surrogate's Court, New York County, June 7, 1935.

*Hyler Connell* [*Warren I. Lee* of counsel], for the petitioner.

*Frank Aranow* [*Harris Berlack* of counsel], for the beneficiary of income, respondent.

*Daniel F. Cohalan*, for the successor trustee, respondent.

DELEHANTY, S.  The will of deceased gave to his trustees discretion to pay the income of trust funds created for his respective sons to the respective wives of the beneficiaries rather than to the beneficiaries directly.  The wife of one of testator's sons now applies for payment to her of the income on the trust fund for his benefit.  The trustees named in the will of deceased resigned heretofore.  A corporate trustee was appointed in their stead and is now acting.  The beneficiary whose income is sought by his wife opposes the application on various grounds, one of which is that the payment sought cannot be directed since the discretionary power to order such payment was granted to the individual trustees only and did not pass to the successor corporate trustee.  This objection is held to be without basis.  In *Matter of Donlin* (177 App. Div. 184) it was held that authority passed to a successor trustee despite the fact that the will in that case seemed to be more specific than does

the will here in limiting the exercise of discretion to the trustees originally named. The dissenting opinion in *Smith* v. *Floyd* (124 App. Div. 277), which was adopted by the Court of Appeals as the law of the case (193 N. Y. 683), analyzed the principles underlying the devolution of discretionary powers such as here granted by the testator and held that such powers will pass to a successor unless clearly restricted. To the same effect, see *Matter of White* (135 Misc. 377).

Since the trustees here were in the one case a brother of deceased and in the other an old friend and business associate and since the trusts created were to run for the lives of the sons of deceased, the testator must have contemplated a continuance of some of the trusts beyond the lives of his named trustees. His will does not forbid devolution of this discretionary power nor does it in terms limit the exercise of the power exclusively to the individuals named. The effective carrying out of the provisions of the will requires the holding that the power devolved upon the successor trustee.

The facts presented by the petition, by the answer of the successor trustee and by the answer of the beneficiary of the income in controversy furnish no basis at this point for any other judicial action. The power and the right to make the determination respecting the allocation of income resides in the trustee. Whether at any time the court will undertake to make any determination respecting the trustee's future action in the premises must await some other proceeding. All that can now be done is to advise the successor trustee of the possession by it of the discretion outlined in the will. Having the power to exercise discretion it should make the inquiry necessary to enable it to formulate a sound judgment respecting the payment of the income. The court in this proceeding cannot make and will not make any direction to the trustee as to how it shall exercise that discretion.

To the limited extent of advising the successor trustee that it has the power to consider the application of petitioner for the payment of income to her and of advising the trustee further that it has and may exercise all of the powers granted by the will of deceased to his trustees originally named, the application of petitioner is granted but in all other respects such application is denied as premature.

Submit, on notice, order accordingly.