In the Matter of the Estate of MARY S. O'HARE, Deceased.

Surrogate's Court, Monroe County, September 12, 1938.

*J. Van Voorhis Sons,* for the petitioners.

*R. F. Fowler,* special guardian.

FEELY, S.   On a proposed substitution of testamentary trustees the question has arisen whether the substitute will have all the powers of its predecessors.   This depends mostly upon the object the testator or creator of the trust had in view; but often the manner in which testators express their intentions gives rise to some uncertainty; and so, each case is said to depend on its own peculiarities. The object to be attained being ever of more importance than the means through which it is to be effectuated; and the presumption being that a benefit was meant to be conferred, rather than to be withheld, the revisers of surrogate practice in 1914 set up a landmark that stands out above the multitude of individual instances when they recommended the addition to section 225 of the Surrogate's Court Act of the rule that the substitute or successor should be deemed to possess all the power over real estate that the original appointee had under the will or deed, " unless the reverse was clearly expressed " therein.   (*Matter of Gargiulo,* 134 Misc. 182, citing *Hollenbach* v. *Born,* 238 N. Y. 34.)   In their note to section 225 of the Surrogate's Court Act, as amended in 1914, the revisers state, in reference to the added qualification, " unless contrary to the express provisions of the will," that this last phrase, just quoted, was added " to change the confusion arising from the many cases holding that a discretionary power of sale does not pass to an administrator *c. t. a.* or successor trustee."   (Report of Surr. Rev. Comm. p. 221.)   " Discretion " must be used in the exercise of any power; and powers over other matters than real estate are to be construed in the light both of that enactment and also of the presumption of benefit to the beneficiary that is liberally read in the latter's favor.

In the present case this testatrix, making her last will in October, 1935, two years before her death, set up a trust of $5,000 for her granddaughter, who is the daughter of her deceased son, which is more fully set out below.   She also gave a daughter a note of $8,850 to make good a loss in a stock investment; and to her three daughters and the granddaughter she gave the residue of her estate equally, save that to two of the daughters she gave the use of a house for one year.   Testatrix also named as executors and trustees two of the daughters and her lawyer, with power of sale, but without bond.

These three appointees at the date of the will were each persons over the age of sixty years; and the granddaughter, who is the beneficiary of the trust under discussion, was in her thirties. She had married before that time; and now has no children.

The trust for this granddaughter, under paragraph "first," is to "pay the net income" to her, without specifying for what period — presumably for so long as she lives. Then follow the provisions with which we are now mainly concerned:

"I further authorize my said trustees to pay to or for my said granddaughter such portion or portions of the principal of this trust as they in their discretion may deem advisable in her interest, the amounts and times of such payments to be left entirely to the judgment of the trustees.

"Upon her death I direct that what is left of the principal be paid to her children, if she leave any children her surviving."

In this outline it is clear that the income must be paid to the granddaughter indefinitely, that is, so long as she is alive to receive it or benefit by it; and also that at her death what is left of the principal must be paid to her children, if any. These are outright directions, that must be carried out, regardless of the particular agency by which, at any time, they be effectuated. The discretion expressly mentioned here relates to the application of some of the principal to the benefit of the granddaughter. If this were an exclusively personal commitment, the omission of the testatrix to provide for substitutes brings into application the rule that when the substitute is one who is appointed by a court, he is deemed to have all the power that his predecessor had possessed, unless the court see fit to expressly limit the authority of its appointee. (*Lahey* v. *Kortright*, 132 N. Y. 450, 458.) This will having been drawn up by a person skilled in the law, one may infer he advised the testatrix to that effect. The observation was pertinent inasmuch as the nominated trustees at the date of the will were all beyond middle life, and the beneficiary was in her thirties. The probability of this trust extending beyond the lives of the trustees is indicative of an intention not to restrict the bounty of the trust to the period of their lives, or to their ability to act; but this feature has been held to show an intention that in such cases any lawful successor or substitute could carry on for the life of the beneficiary with the same power as the original trustee had (*Matter of Storts*, 142 Misc. 54), until the last dollar had been applied to the benefit of the one whom the testatrix meant to assist.

The fact that testatrix intended her bounty should continue to be enjoyed by the granddaughter for a period measured only by the life of the beneficiary herself, and not by the lives of the

named trustees or by their ability or willingness to act, and the fact thas she apparently left the appointment of their successors to the court, are together features inherent in the office itself as necessary to the accomplishment of testator's purpose that this granddaughter should enjoy her grandmother's bounty so long as she might live, and at her death her children should receive what was then left of the principal. Secondary to this in relative importance is the personnel of the agency to effectuate that purpose, from time to time.

The wording of this will falls far short of showing an intention that no bounty was to be paid by any one other than the three named trustees, especially in view of the circumstances discussed above. An expression of that restrictive sort was passed upon in *Matter of Donlin* (177 App. Div. 184, 188), and is helpful by way of contrast. There testator had directed his surviving trustees or their successors to divide the estate into as many parts as he had children, and to pay the income for their support; but in respect of the share of some of them he gave his " trustees, meaning however in this particular only such of those named and appointed in this will as shall be acting at the time " of the division, power to invade principal to the extent they might think advisable for the benefit of such child. The court said: " If the testator intended to confer authority on the trustees to pay over the principal to or for the use of the beneficiaries without regard to the necessity therefor for their proper support, comfort and maintenance, then it might be argued that such authority would not vest in a substitute trustee but would be deemed to have been conferred solely on the trustee personally selected by the testator to exercise such unlimited discretion; but that is a question on which we do not deem it necessary to express an opinion." The court, however, did hold there that a substitute trustee appointed by the court under the will had all the powers of the original trustees.

This will in hand also falls short of such radical language as is found in the class of wills which give the trustee the " absolute right and power of deciding whether, and at what time, if ever, any part or all of the principal * * * shall vest in or come into the possession or control " of the beneficiary, as was done in the case of *Benedict* v. *Dunning* (110 App. Div. 303).

This will in hand provides for descendants who are presumably dependents, or at least entitled to a more favorable reading than would be a stranger; and this will deals with them advisorily, rather than conditionally. Every trustee must exercise discretion in whatever he does; and when this will states that in their application of part of the principal to the benefit of this descendant

must be made by " said trustees as they in their discretion may deem advisable in her interest," this language is not conditional, but advisory; and does not take this case out of the general rule. Such words as " whether, if ever," are noticeably absent. The will continues by saying that " the amounts and times of such payments to be left entirely to the judgment of the trustees." This phrase, in its peculiar setting and the circumstances of this particular case, is simply a fuller expression than ordinary of the rule that discretion must be exercised; and it does not relate to " whether, if ever " anything be or be not paid to the beneficiary, but it is limited to the amounts and times, on the assumption that money will always be available to this beneficiary as her needs or " interest " may indicate from time to time, even after the death, resignation or disability of the original trustees.

For this reason also the beneficiary's consent to the proposed substitution of trustee is not a variation of the provisions of the trust. This consent or waiver should be recorded. Moreover, the recommendation of a full substitute made by two of the acting trustees, who are also entitled to a share in the residuary estate into which this corpus will fall in the event of the granddaughter dying without leaving children her surviving, is against their own interest as residuaries on the theory that they, and they alone, could say " whether, if ever " any of the principal should be applied to the benefit of this granddaughter.

My conclusion, therefore, is that this will does not clearly and expressly restrict the bounty of this testatrix to the judgment or to the lifetime, or to the ability to act, of the three persons nominated in the will to execute this trust for the life of the granddaughter; and that upon their death, resignation or inability to act as such trustees, the substitute, which this court has the power to appoint, will take by such appointment all the power and authority the testatrix in naming them intended should be used for the benefit of this granddaughter so long as she might live.

On notice or appearance of counsel submit for signature and entry a decree construing this will in accord with this decision.