In the Matter of the Estate of WILLIAM L. BRETTELL, Deceased.

Surrogate's Court, New York County, July 1, 1941.

*Howie & Robertson*, for the petitioner.

*Edward A. Hayes*, for Charles F. Brettell, respondent.

*Montgomery, Grace & Derby*, for Clinton Brettell, as general guardian.

FOLEY, S. The trustee in this proceeding applies for a construction of the will.

The first question involves the scope of the power, authority and discretion vested in the trustee and specifically whether the functions conferred upon the three original trustees by the terms of the will are exercisable by the sole trustee.

The testator directed the creation of a residuary trust with instructions to pay the net income to his brother, Charles F. Brettell. He authorized the trustees to advance from the principal or corpus of the trust such amounts " as shall be necessary and needful for his well being, his health or his enjoyment, in the opinion of the trustees hereinafter named." He further stated that the " control of the trustees shall be absolute and the majority of them shall decide all questions that shall arise." In accordance with the agreement of the life tenant, his attorney, and the other counsel in a prior proceeding, a single trustee was appointed by an appropriate decree. (*Matter of Brettell*, N. Y. L. J. Jan. 16, 1941, p. 250.)

The present corporate trustee was one originally appointed by the testator. The two individual trustees filed renunciations.

The surrogate holds that all the powers, authority and discretion set forth in the will in respect of an invasion of principal are vested in the sole remaining trustee The discretion and powers are incidental to the administration of the trust and the accomplishment of the testator's purposes. Even if all the original trustees had renounced their appointment, a successor trustee would have been vested with the functions granted to such original trustees designated by the testator. (*Matter of Brown,* 155 Misc. 620; *Smith* v. *Floyd,* 193 N. Y. 683.) The surrogate also holds that the life tenant expressly consented to the appointment of the sole trustee with knowledge that it would be required to exercise its discretion under the will. By his own consent, he is now estopped to question the powers of the trustee.

The second question arises because of the contention of the life tenant that under the terms of the will he is entitled to greater sums of money for his support out of the principal of the trust than the trustee is willing to give to him. In effect, the life tenant contends that under the terms of the will the trustee is compelled to accede to the life tenant's own estimate of his financial requirements and that the trustee is without any discretion to review such demands. These contentions are overruled. The dominant purpose of the testator was plainly to confer authority upon the trustee as to the amounts to be paid out of the principal of the trust. The improvidence of the life tenant was to be guarded against.

In the ordinary case, where a will vests discretion in a trustee to apply the income of a trust or part of it or to make invasions of principal for the support of a beneficiary, the courts will not interfere with the exercise of such discretion. (*Matter of Hayden,* 172 Misc. 669, 682; *Matter of Liberman,* 163 id. 105; affd. on other grounds, 253 App. Div. 884; affd., 279 N. Y. 458; *Matter of Littman,* 165 Misc. 285; *Ireland* v. *Ireland,* 84 N. Y. 321; *Bloodgood* v. *Lewis,* 209 id. 95; *Hamilton* v. *Drogo,* 241 id. 401; *Matter of Sand* v. *Beach,* 270 id. 281; *Matter of Ashner,* 274 id. 494; *Matter of Clark,* 280 id. 155; *Matter of Hilton,* 174 App. Div. 193.) Where bad faith, abuse of discretion, arbitrary action, or fraud or diversion of the income to improper purposes by the trustee is shown, judicial intervention may be required.

The trustee here has acted with solicitous care for the beneficiary, and at the same time has properly protected the interests of the infant remaindermen. The contemplated action of the trustee, within the exercise of its discretion, is plainly reasonable. Some invasion of the principal will result because of the necessity of

paying the medical expenses of the life beneficiary. No bad faith or arbitrary action in refusing further allowances has been shown. The trustee may continue to exercise its reasonable and sound discretion.

The further contention of the life tenant that the order dated March 22, 1939, requires a mandatory payment by the trustee of a fixed amount has been withdrawn. Aside from such withdrawal, the surrogate holds that an examination of the provisions of the order shows there is no basis of fact for that contention.

Submit decree on notice construing the will accordingly.