## In the Matter of the Will of MARY A. SHARPE, Deceased.

Surrogate's Court, New York County, April 14, 1943.

*Douglas S. Critz* for William F. Sharpe, petitioner.

*William L. Woodward* for Reba S. Jemison, respondent.

*Anton R. Siegal* and *Emil Levitt* for Anna Cohen and another, respondents.

DELEHANTY, S. In this proceeding for the construction of a will and for the appointment of a substituted trustee the parties have agreed upon a corporate trustee whom the court will appoint. The substantial question presented in the proceeding is whether a power of invasion of the trust capital granted in the will of deceased may be exercised by the substituted trustee.

The trust established under the will is for the benefit of deceased's son. The remainder is given by the will to a person described as the niece of deceased's husband. It happens that she survived deceased but is now dead, leaving a will under

which her property passed to a person wholly unrelated to deceased either by blood or marriage. The ultimate beneficiaries of the principal assert that the power of invasion is personal to the nominated trustees and that, since one of them has died and the other has renounced, the right of invasion has lapsed.

The first-named trustee was ten years older than the income beneficiary. The alternate trustee is fifteen years older than the income beneficiary. It is reasonable to assume that the income beneficiary will survive the alternate named in the will just as he survived the original trustee. It must be assumed as well that deceased was aware of the disparity in ages and that she contemplated the possibility of such survival by her son of each of the persons named by her to administer the trust.

The text of the will provides that the trust income is to be paid to the son " for the term of his natural life ". The will then provides: " I authorize the executor and trustee in his discretion, to pay over part or parts of the principal of the estate to my son from time to time, and any such payments shall belong absolutely to my son and shall not thereafter form a part of the trust estate." The gift over of the remainder is made " subject to and except as aforesaid ". It is plain from this text which provided for payments to the son " from time to time " and provided for the payment of income " for the term of his natural life " that deceased intended that the son should have whatever income and principal were necessary for his adequate support and maintenance. It is clear from that text that deceased intended the payments from principal to continue as long as the payments of income continued. The reference to the persons who were to exercise the discretion is stated in impersonal form thus: " The executor and trustee ". The scheme of the will could not be carried out unless the trustees in office were free to advance principal to the son. The latter was the principal object of deceased's bounty. The gift over is in terms only of a diminished principal sum. The background of human relationships against which the will was drawn requires the holding that the discretion to invade the principal survives and will continue to be vested in the acting trustee until the termination of the life estate. (*Smith* v. *Floyd,* 193 N. Y. 683; *Matter of Donlin,* 177 App. Div. 184; *Matter of White,* 135 Misc. 377; *Matter of O'Hare,* 169 Misc. 64.)

Submit, on notice, decree construing the will accordingly and providing for the appointment of the corporate fiduciary selected by the parties.