In the Matter of the Will of EDWARD S. POPE, Deceased.

Surrogate's Court, New York County, December 13, 1944.

*Otis T. Bradley* and *Standish F. Medina* for Margaret M. Pope and another, as trustees, petitioners.

*C. Murray Kavanagh,* special guardian for Adeline E. Pope and others, infants, contingent remaindermen, respondents.

FOLEY, S. In this trustees' accounting a construction of the will is sought to determine the validity and effect of the renunciation by one of the trustees of a power of appointment given to the trustees by the terms of the will. The testator died on January 23, 1942. In the second paragraph of his will he disposed of his residuary estate in trust to the Guaranty Trust Company of New York and his widow, Margaret M. Pope, for the benefit of the widow for life. In addition to the gift of income to the widow, the testator authorizes the trustees to invade the principal of the trust for her benefit when in their discretion they deem it necessary for her proper support and maintenance.

Under the provisions of the United States Revenue Act of 1942 (§ 452), this power in the widow to invade principal may constitute a taxable power of appointment in her estate unless released by her as authorized by that Revenue Act. The time of a person to renounce or release a power has been extended by Federal statute (Revenue Act of 1943, § 505; 78th Congress, 2d session, ch. 63, Pub. Law 235, § 505) to January 1, 1945.

Under the law of New York by section 183 of the Real Property Law* (L. 1943, ch. 476, eff. April 14, 1943), the method of releasing a power of appointment is prescribed. Pursuant to its terms, Margaret M. Pope on August 2, 1944, executed, served and had recorded in this court an instrument whereby she individually and as trustee released, renounced and relinquished any and every power of appointment granted to her by the testator's will.

---

* Provides in subdivision 1 that any power, other than a power in trust which is imperative, is releasable by written instrument signed by the grantee. Subdivision 3 provides for delivering the release to (a) any person specified for that purpose in the instrument creating the power; (b) any trustee of the property to which the power relates; (c) any person adversely affected by exercise of the power; (d) certain specified county clerks.— [REP.

The power of invasion granted to the widow is not an imperative power in trust but a special discretionary power not coupled with a trust and may therefore be surrendered, renounced or relinquished. There is an excellent review and discussion of the nature of various powers and the effect of renunciation and relinquishment in the decision of Mr. Justice Church in *Merrill* v. *Lynch* (173 Misc. 39).

The power of invasion contained in the will here is not personal or confidential to the original trustees but merely incidental to the administration of the trust. The renunciation, therefore, by the widow does not destroy the right to exercise discretion to invade principal conferred upon the corporate trustee. Had the widow renounced or failed to qualify as trustee, or having qualified previously been permitted to resign, the right to invade the principal of the trust could be exercised by the corporate trustee. (*Striker* v. *Daly*, 223 N. Y. 468; *Matter of Brettell*, 176 Misc. 872.) As all acting trustees must unite in the exercise of the discretionary power of invasion contained in the will, the widow will be permitted to resign and her account which shows the receipt and disbursement of no assets settled.

In respect, therefore, of the specific questions presented in the petition, I accordingly hold that: (1) the release of the power of invasion exercised by Margaret M. Pope is valid and effective insofar as she is concerned; (2) upon the resignation of Margaret M. Pope as trustee, the Guaranty Trust Company of New York, as sole acting trustee, will possess the discretionary power to invade the principal of the trust; and (3) Margaret M. Pope will be permitted to resign as trustee. Her formal resignation is directed to be filed and will be accepted as of a fixed date.

Submit decree on notice construing the will and settling the account accordingly.