John D. Bennett, S.
In this proceeding the petitioner requests a determination whether the disposition of the residuary estate contained in paragraph Fifth of the will is valid, and if it is, the construction and effect thereof.
The will was executed on February 28, 1962, and the testator died June 14, 1963, survived by his widow and adult daughter. After providing for payment of debts and bequeathing an automobile to his daughter, in paragraph Third he appointed ‘ ‘ my good friend and advisor morris laufgraben as Executor and Trustee * * * and in the event he shall fail to qualify ’ ’ then his wife and daughter as executors and trustees. In paragraph Fourth he gave one half of his estate to his wife.
The problem concerns paragraph Fifth and is caused by the death of Morris Laufgraben, the nominated executor and trustee prior to that of the testator. Mr. Laufgraben was the attorney who drafted the will. Paragraph Fifth reads as follows:
fifth : All the rest, residue and remainder of my estate, whether the same be realty, personalty and/or mixed, I hereby give, devise and bequeath to the Trustee or Trustees herein named to be used for the benefit of my beloved wife frieda green-man and my beloved daughter sheila greenman and that any *712 thing remaining in the corpus thereof shall be paid over in the discretion of the Trustee or Trustees, as the case may be, to my beloved daughter sheila greehmah to be hers absolutely and forever. It is distinctly my wish and I hereby direct that sole discretion be vested in the Executor and Trustee to determine the amount of any income and/or principal which should be paid to either or both of the beneficiaries and as to the time when final distribution shall be made. ’ ’
The petitioner contends that the power conferred on the trustee in paragraph Fifth is personal and confidential, and will not pass to a successor. Surrogate Foley enunciated the applicable rule in Matter of Brown (155 Misc. 620, 621) as:
“ The rule in determining questions of this nature is if the power conferred on the original fiduciary is personal and confidential the power will not pass to a successor. But if the power is incidental to the administration of the trust and accomplishment of the testator’s purpose the power devolves upon the successor to the original fiduciary. The ascertainment and the effectuation of the testator’s intention, therefore, governs the determination of this question as in all other questions of construction.”
The intent of the testator must be ascertained from the language of the will read as a whole (Matter of Crouse, 244 N. Y. 400; Matter of Schliemann, 259 N. Y. 497). In Scott on Trusts (vol. 2 § 196 the general rule is stated that powers survive unless the settlor manifested an intention that they should be exercised only by the trustee originally named. In determining whether the settlor intended that powers should or should not survive, the factors to be considered are: the nature of the power and the extent to which its exercise is discretionary, the time at which the trustee may be called upon to exercise the power, the relationship among the settlor and trustee and beneficiaries, and the language used in the trust instrument in conferring the powers.
In examining the will the fact is clear that the terminology used was to some extent unskillful. However, the intent of the testator can be ascertained from the will as a whole. The testator, after leaving one half of his estate outright to his wife, was faced with the proposition of how to further provide for the needs of his wife in the event her one-half share proved inadequate. His solution was to place this second one half in a trust under the coritrol and sole discretion of his “ good friend and advisor morris lauegrabeh ’ ’ who, should- the need arise, could “ determine the amount of any income and/or principal which should be paid to either or both of the beneficiaries and *713 as to the time” thereof, even to the extent of expending the whole of the sum for his wife, and should the need arise, to his daughter. Provided that his wife, in the opinion and discretion of his “ trustee ” did not need the balance of the estate, then the daughter was to receive the remainder.
Although the singular and plural of ‘1 trustee ’ ’ is used in the opening sentence of the trust, this is attributed to the inept language used in several instances throughout the will. The terminology of the last sentence of the trust referring to his trustee (singular) was more carefully thought out, and is indicative of the importance the testator placed upon the effect of this sentence in carrying out his intent.
The following paragraph Sixth of the will is indicative of the testator’s intent to place broad discretion solely in the hands of his advisor and friend Morris. In that paragraph provision is made “ subject to the discretion vested in the Executor and Trustee ’ ’ to apply moneys due the testator from certain therein enumerated sources to the discharge of the mortgage upon “ our residence ”. The necessity for this paragraph in the testamentary scheme is clouded, as the same result might possibly have been obtained from advances from the trust in paragraph Fifth. However, we can assume the testator’s ‘1 good friend and advisor morris laufgrabex ’ ’ had an intimate knowledge of his investments, and the testator was instructing him which of his funds were to be used for this purpose in the event his trustee, in his discretion, should so determine.
The nature of the power of the trustee was extraordinary, with full personal authority to decide the manner of administration and termination of the trust. The time or times of exercising the power was left wholly to the trustee, with no rules or guides, and the relationship among the testator, his nominated trustee and the beneficiaries was close and intimate.
The court finds the intention of the testator was to endow the trustee with personal powers which could not be exercised by a successor trustee.
The respondent pleads a growing tendency on the part of the courts to expand the earlier interpretations of such questions to permit successor trustees to exercise powers. However, this tendency appears limited to those situations where the power concerns the type of investments, and where the paying out is in accordance with some plan or purpose discernable from the will, none of which can be ascertained from the will before the court.
*714 The testator having manifested an intention that the trust should not arise or continue unless the person named by him should act as trustee and use his individual discretion as to all trust powers, the trust therefore fails, and the one half of the estate represented thereby will devolve in equal shares to the petitioner and to the respondent.